# UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**BERNICE MUHAMMAD**

**Plaintiff Pro se,**

**Vs.**

**HSBC BANK USA, NATIONAL**
**ASSOCIATION as Trustee**
**MERRILL LYNCH MORTGAGE**
**LOAN INVESTORS, INC.**
**MORTGAGE LOAN ASSET-**
**BACKED CERTIFICATES,**
**SERIES 202-HEI**
**Defendants.**

---

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER
## OR IN THE ALTERNATIVE PRELIMINARY INJUNCTION

---

   Comes now, the Plaintiff, Bernice Muhammad, and brings this Verified
Complaint as a Pro se litigant, and moves this Honorable Court for a
Temporary Restraining Order, ordering Defendants, HSBC Bank USA,
National Association as Trustee for Merrill Lynch Mortgage Investors, Inc.,
to cease any foreclosure action on the Plaintiff's home place located at 255
Cherokee Street, Mobile, Alabama 36606, and shows unto this Court as
follows:

1.   On July 31, 2002, Plaintiff entered into a mortgage with Option One
     Mortgage Corporation. Said mortgage was assigned to American
     Home Mortgage Servicing, Inc. as Servicer in June 2008, Plaintiff
     was in Bankruptcy Chapter 13, there was an Automatic Stay attached
     to the mortgage in August 2003.  Copies of the Mortgage and Note
     (see Exhibit "A").

2.  On August 11, 2003, Plaintiff entered into an agreement with Option One Mortgage Corporation to satisfy the mortgage arrearage on said property which was ratified by the Bankruptcy Court, as evidenced by Exhibit "B".

3.  Plaintiff paid in accordance with the agreement.

4.  On July 15, 2004, a payment was returned to Plaintiff from Option One Mortgage Corporation citing that Option One Mortgage was released from the Automatic Stay. See Exhibit "C".

5.  Option One Mortgage Corporation proceeded to foreclose without notice to Plaintiff, or then Attorney Phillip M. Leslie. Attorney Leslie filed an emergency motion to enjoin Option One Mortgage Corporation from foreclosing or to dismiss the Chapter 13 Bankruptcy which was dismissed over the objections of the Plaintiff to then Attorney Leslie and to the Court, in which the Chapter 13 Bankruptcy was still dismissed by the Order of October 28, 2004. See Exhibit "D".

6.  On November 12, 2004, Option One Mortgage, filed a Statement of Pre-Petition Arrears, in said claim the arrearage was $14, 900. 47, to which the Plaintiff objected, but the Court allowed the arrearage as stated. See Exhibit "E".

7.  On August 15, 2006, Plaintiff received, from then Attorney Phillip Leslie, a workout options for Borrowers in Bankruptcy, from Plaintiff's Mortgager Option One Mortgage, stating "if your client wishes to keep the property, there are workout options, if suffering through or emerging from a hardship," the hardship was back to back Hurricanes in (2004, 2005), Katrina did **extensive **damage, for there was too much damage that was not covered by the insurance. Exhibit "F".

8.  Plaintiff and Option One Mortgage DISCUSSED THE WORKOUT OPTIONS after HURRICANE KATRINA TO PLACE ALL

MORTGAGE ARREARS TO THE BACK OF THE MORTGAGE, from HURRICANE KATRINA (by phone).

9. Plaintiff's Attorney Leslie, sent the options to Plaintiff on August 14, 2006. See Exhibit "G".

10. Option One Mortgage did not respond to the October 5, 2006, submitted, and resubmitted information for workout option in April 2007. The **Loan Consultant** for Option One Mortgage was, Ms. Deloris Davis; after inquiring, Plaintiff never heard of neither the workout options, nor the paperwork again. The agreement dated February 5, 2007, was an order by the Bankruptcy Court that all parties agreed to, that $3, 987.70, which represents the payment due for October, 2006, through and including the January, 2007 payment, and which also includes attorney's fees and Court costs in the amount of $ 800.00, is to be placed into the Debtors Chapter 13 plan. Plaintiff was lead to believe that the Workout Options were accepted by Option One Mortgage, for the Order of February 12, 2007, was never voided, and Plaintiff paid as to the Order. See Exhibit "H"

11. The repairing, restoring, reconstructing, or replacing after Hurricane Katrina, was communicated with Option One Mortgage following this disaster, in August 2006, through counsel, an objection to the Claim Number 2 filed by Option One Mortgage, also a breakdown to Option One then Counsel Scott J. Humphrey, and documents from Option One Mortgage. Exhibit "I".

12. On November 13, 2007, a statement of arrearages was submitted to Plaintiff to which Plaintiff disputed. There was no evidence of the workout option, no evidence of help to the Plaintiff as was promised by Option One Mortgage. Exhibit "J".

13. The Defendants notified Plaintiff as to her Creditor, being American Home Mortgage Servicing, Inc, of which is the Servicer as the last entity to whom the Plaintiff was instructed to make payment. This action by the Defendants is certainly open to challenge. American Home Mortgage Servicing, Inc. must show that the last entity to communicate instruction to the Plaintiff is still the holder of the note. This action by the Defendants is not properly conducted.

14. The Defendants have no evidence of a proper assignment of the mortgage prior to foreclosure. According to records, the Plaintiff's home has not been foreclosed upon prior to the date of either of her bankruptcy petitions. The Defendants must show through an Evidentiary Hearing that it has Authority to conduct the foreclosure and sale. During the five years in which the Plaintiff was in Bankruptcy, the Note and Mortgage and associated claims had been prosecuted by Option One Mortgage which had represented itself to be the holder of the Note and the Mortgage. Option One Mortgage never notified the Court that it was merely the servicer. In fact, it was not until 2008 that Option One Mortgage notified the Plaintiff of a new servicer; it was then that an investigation was needed as to whom Option One Mortgage has Servicing Rights to. These misrepresentations were not simple mistakes, but have violated the FDCPA § 807 [15 U.S.C. § 1692 e], and those parties who do not hold the Note of the Mortgage, and the servicer of the mortgage do not have standing to pursue action arising from the Mortgage obligations.

15. Standing by the Defendants must be established before a Foreclosure claim can be allowed. A foreclosure party must show standing in a foreclosure action; the Defendants must show that it is the holder of the Note and the Mortgage at the time that the Foreclosure was filed. Plaintiff requests an **Evidentiary Hearing**, for the providing documents for the Court to review, and showing a preponderance of evidence that it owned the Note and Mortgage when the Notice of Acceleration and Foreclosure was filed.

16. Under UCC Article 3, the evidence must be sufficient. The Defendants must show ownership of debt and mortgage; if not, the Notice of Foreclosure against the property must be canceled. The Defendants must show the name of the Holder, the assignee of the Mortgage, and the parties with both the legal right under Article 3 and the standing under the **Constitution** to enforce Notes. Whether in State Court or Federal Court, all original blue-ink paper work of Transfers, the Holder must be prepared to post a bond. If person enforcing is an agent, it must show its agency status and that its principal is the holder of the note, and must meet all the above requirements. Then and only then do the issues of debt and default and assignment of Mortgage rights become relevant.

17. On January 22, 2010, Plaintiff made a written demand upon Defendants within thirty (30) days after the receipt of said notice, that Plaintiff disputes all claims in said statement of the debt, and Creditors. A copy of the Defendants notice, also Publication of the foreclosure sale began January 14, 21, 28, 2010, and Plaintiff's demand is attached. Exhibit "K".

18. In January 2009, Plaintiff requested a research on said debt, to American Home Mortgage Servicing, Inc. AHMS has not responded to Plaintiff's concerns as said it would do. Exhibit "L".

19. The Thirty (30) day written demand for verification has not expired. On January 11, 2010, or before, the Defendants accelerated the debt and foreclosure sale, of which is in violation of FDCPA 15 U.S.C. § 1692 (g) (h) (j) (k) (e). Exhibit "K".

20. Order dismissing Plaintiff's Chapter 13 case December 29, 2008, by Chief U.S. BANKRUPTCY JUDGE WILLIAM S. SHULMAN. In which is on Appeal to this said District Court of the Southern District of Alabama. Exhibit "M".

21. Continuation of the foreclosure at this time will irreparably harm Plaintiff because:

    (a) There is a great likelihood that Plaintiff will prevail on the merits, since Defendants have failed to provide Plaintiff with the correct information, correct Mortgage Holder, correct documents, correct amount to reinstate the Mortgage.

    (b) The interest in protecting Plaintiff from irreparable harm caused by this defective foreclosure outweighs any interest Defendants may have in proceeding with the foreclosure until a hearing on the merits.

22. As reflected in the attached notice, Plaintiff has notified Defendants of the setting of the Instant Motion For Temporary Restraining Order,

and has given their counsel an opportunity to be present.

WHEREFORE, Plaintiff prays the Court to take Jurisdiction of this cause, and to fix and ascertain the sum of the debt and all lawful charges necessary to cure said, and the sum of all credits to be allowed to the Plaintiff, and for such other relief as may be proper.

Respectfully submitted on this 28th day of January, 2010.

## <u>VERIFICATION</u>

_Bernice Muhammad_
BERNICE MUHAMMAD

STATE OF ALABAMA
COUNTY OF MOBILE


Before me, the undersigned, a Notary Public, in and for said State and County, personally appeared, **BERNICE MUHAMMAD,** whose name is signed to the foregoing Petition, who is known to me, acknowledged before me on this date, that she swears to the truth and accuracy of all of the factual allegations set out in said Petition.


Given under my hand and notaries seal on this the 29th day of January 2010.


_Captadu K. NiBe_
NOTARY PUBLIC
My Commission Expires:
My Commission Expires 09-02-2012

_____
BERNICE MUHAMMAD
Pro se as Plaintiff
255 Cherokee Street
Mobile, Alabama 36606
(251) 680-6578

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BERNICE MUHAMMAD

    Pro se Plaintiff,


                    Vs.


HSBC BANK USA, NATIONAL ASSOCIATION as Trustee for Merrill
Lynch MORTGAGE INVESTORS, INC. MORTGAGE LOAN ASSET-
BACKED CERTIFICATES, SERIES 2002-HEI.

    Defendants.

## CERTIFICATION OF NOTICE


    I, Bernice Muhammad, Pro se Plaintiff in the above-entitled action,
hereby certify that I provided notice to Defendants by serving their counsel,
Johnson and Freedman, by fax and by telephone on January 28, 2010, that
this action would be filed and that Plaintiff would move this court for a
temporary restraining order at approximately 10:00 a.m. on January 29,
2010.


Dated: January 29, 2010

                                  BERNICE MUHAMMAD
                                  255 CHEROKEE STREET
                                  MOBILE, ALABAMA 36606

# EXHIBIT A

28.50
144.00
173.50
10.00
183.50
3.00
184.50

2002069777  Book-5201  Page-1385
Total Number of Pages: 11

B-40567

WHEN RECORDED MAIL TO:
OPTION ONE MORTGAGE CORPORATION
P.O. BOX 57076
IRVINE, CA 92619-7076
ATTN:   QUALITY CONTROL

ORIGINAL

Loan Number:  391000347
Servicing Number: 671167-5

[Space Above This Line For Recording Data]

## MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on   July 30, 2002        . The grantor is
BERNICE MUHAMMAD  *a Single Woman*

("Borrower"). This Security Instrument is given to

Option One Mortgage Corporation, a California Corporation

which is organized and existing under the laws of  CALIFORNIA
address is                                                                        , and whose
                                         3 Ada, Irvine, CA  92618

("Lender"). Borrower owes Lender the principal sum of
NINTY SIX THOUSAND

* * * AND NO/100THS      Dollars (U.S.  $96,000.00        ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on August 01, 2032
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby
mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following
described property located in

02-29-10-28-2-001-043                           Mobile                              County, Alabama:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.

SEE EXHIBIT "A"

which has the address of 255  CHEROKEE STREET, MOBILE

Alabama        36606-1237           ("Property Address");                [Street, City],
               [Zip Code]

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever,
together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and
fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this
Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

ALABAMA – Single Family
Page 1 of 7

ALD18011.wp (11-30-01)

Loan Number: 391000347          Servicing Number: 671167-5          Date: 07/30/02

such insurance proceeds, and then, at Lender's option, in such order and proportion as Lender may determine in its sole and absolute discretion, and regardless of any impairment of security or lack thereof: (i) to the sums secured by this Security Instrument, whether or not then due, and to such components thereof as Lender may determine in its sole and absolute discretion; and/or (ii) to Borrower to pay the costs and expenses of necessary repairs or restoration of the Property to a condition satisfactory to Lender. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, Lender may collect the insurance proceeds. Lender may, in its sole and absolute discretion, and regardless of any impairment of security or lack thereof, use the proceeds to repair or restore the Property or to pay the sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

If Borrower obtains earthquake insurance, any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by Lender, then such insurance shall (i) name Lender as loss payee thereunder, and (ii) be subject to the provisions of this paragraph 5.

6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower acknowledges that the Lender does not desire to make a loan to Borrower secured by this property on the terms contained in the Note unless the property is to be occupied by Borrower as Borrower's primary/secondary residence. Lender makes non-owner residence loans of different terms. Borrower promises and assures Lender that Borrower intends to occupy this property as Borrower's primary/secondary residence and that Borrower will so occupy this property as its sole primary/secondary residence within sixty (60) days after the date of the Security Instrument. If Borrower breaches this promise to occupy the property as Borrower's primary/secondary residence, then Lender may invoke any of the following remedies, in addition to the remedies provided in the Security Instrument: (1) Declare all sums secured by the Security Instrument due and payable and foreclose the Security Instrument, (2) Decrease the term of the loan and adjust the monthly payments under the Note accordingly, increase the interest rate and adjust the monthly payments under the Note accordingly, or (3) require that the principal balance be reduced to a percentage of either the original purchase price or the appraised value then being offered on non-owner occupied loans.

Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

Borrower shall, at Borrower's own expense, appear in and defend any action or proceeding purporting to affect the Property or any portion thereof or Borrower's title thereto, the validity or priority of the lien created by this Security Instrument, or the rights or powers of Lender with respect to this Security Instrument or the Property. All causes of action of Borrower, whether accrued before or after the date of this Security Instrument, for damage or injury to the Property or any part thereof, or in connection with any transaction financed in whole or in part by the proceeds of the Note or any other note secured by this Security Instrument, by Lender, or in connection with or affecting the Property or any part thereof, including causes of action arising in tort or contract and causes of action for fraud or concealment of a material fact, are, at Lender's option, assigned to Lender, and the proceeds thereof shall be paid directly to Lender who, after deducting therefrom all its expenses, including reasonable attorneys' fees, may apply such proceeds to the sums secured by this Security Instrument or to any deficiency under this Security Instrument or may release any monies so received by it or any part thereof, as Lender may elect. Lender may, at its option, appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement thereof. Borrower agrees to execute such further assignments and any other instruments as from time to time may be necessary to effectuate the foregoing provisions and as Lender shall request.

7. Protection of Lender's Rights in the Property. If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate in effect from time to time and shall be payable, with

Page 3 of 7                                                                                         ALD10013.wp (11-30-01)

Loan Number: 391000347          Servicing Number: 671187-5          Date: 07/30/02

interest, upon notice from Lender to Borrower requesting payment.

8. Mortgage Insurance. If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments no longer be required, at the option of Lender, of mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirements for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9. Inspection. Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Lender may apply, use or release the condemnation proceeds in the same manner as provided in paragraph 5 hereof with respect to insurance proceeds.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not exceed or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph

17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the

Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Loan Charges. If the loan secured by this Security Instrument is subject to a law which sets maximum loan charge, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. Governing Law; Severability. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument.

Loan Number: 391000347          Servicing Number: 671167-5          Date: 07/30/02

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates or expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the hold of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, or applicable Law otherwise requires, insurance proceeds shall be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining any

Page 2 of 7                                                              ALD10012.wp (11-30-01)

Loan Number: 391000347

Servicing Number: 671167-5

Date: 07/30/02

17. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

18. **Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days for such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration has occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorney's fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

19. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more change of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will also contain any other information required by applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law. The holder of the Note and this Security Instrument shall be deemed to be the Lender hereunder.

20. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

Borrower shall be solely responsible for, shall indemnify, defend and hold harmless Lender, its directors, officers, employees, attorneys, agents, and their respective successors and assigns, from and against any and all claims, demands, causes of action, loss, damage, cost (including actual attorneys' fees and court costs and costs of any required or necessary repair, cleanup or detoxification of the Property and the preparation and implementation of any closure, abatement, containment, remedial or other required plan), expenses and liability directly or indirectly arising out of or attributable to (a) the use, generation, storage, release, threatened release, discharge, disposal, abatement or presence of Hazardous Substances on, under or about the Property, (b) the transport to or from the Property of any Hazardous Substances, (c) the violation of any Hazardous Substances law, and (d) any Hazardous Substances claims.

As used in paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

ADDITIONAL COVENANTS. Borrower and Lender further covenant and agree as follows:

21. **Acceleration; Remedies.** If any installment under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other mortgage or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance. In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the power of sale and/or any other remedies or take any other actions permitted by applicable law. Lender will collect all expenses incurred in pursuing the remedies described in this Paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

ALD10015.wp (11-30-01)

Loan Number: 391000347          Servicing Number: 671167-5          Date: 07/30/02

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in paragraph 14. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in

Mobile                                                         County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a fee for releasing the Property for services rendered if the charging of the fee is permitted under applicable law.

23. **Waivers.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

24. **Misrepresentation and Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which this Security Instrument secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice or demand, shall have the right to declare the indebtedness secured by this Security Instrument, irrespective of the maturity date specified in the Note or notes secured by this Security Instrument, immediately due and payable.

25. **Time is of the Essence.** Time is of the essence in the performance of each provision of this Security Instrument.

26. **Waiver of Statute of Limitations.** The pleading of the statute of limitations as a defense to enforcement of this Security Instrument, or any and all obligations referred to herein or secured hereby, is hereby waived to the fullest extent permitted by applicable law.

27. **Modification.** This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

28. **Reimbursement.** To the extent permitted by applicable law, Borrower shall reimburse Lender for any and all costs, fees and expenses which either may incur, expend or sustain in the performance of any act required or permitted hereunder or by law or in equity or otherwise arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note or Security Instrument. To the extent permitted by applicable law, Borrower shall pay to Lender their fees in connection with Lender, including, but not limited to assumption application fees; fees for payoff demands and, statements of loan balances; fees for making, transmitting and transporting copies of loan documents, verifications, full or partial lien releases and other documents requested by borrower or necessary for performance of Lender's rights or duties under this Security Instrument; fees arising from a returned or dishonored check; fees to determine whether the Property is occupied, protected, maintained or insured or related purposes; appraisal fees, inspection fees, legal fees, broker fees, insurance mid-term substitutions, repair expenses, foreclosure fees and costs arising from foreclosure of the Property and protection of the security for this Security Instrument; and all other fees and costs of a similar nature not otherwise prohibited by law.

29. **Clerical Error.** In the event Lender at any time discovers that the Note, any other note secured by this Security Instrument, the Security Instrument, or any other document or instrument executed in connection with the Security Instrument, Note or notes contains an error that was caused by a clerical mistake, calculation error, computer malfunction, printing error or similar error, Borrower agrees, upon notice from Lender, to reexecute any documents that are necessary to correct any such error(s). Borrower further agrees that Lender will not be liable to Borrower for any damages incurred by Borrower that are directly or indirectly caused by any such error.

30. **Lost, Stolen, Destroyed or Mutilated Security Instrument and Other Documents.** In the event of the loss, theft or destruction of the Note, any other note secured by this Security Instrument, the Security Instrument or any other documents or instruments executed in connection with the Security Instrument, Note or notes (collectively, the "Loan Documents"), upon Borrower's receipt of an indemnification executed in favor of Borrower by Lender, or, in the event of the mutilation of any of the Loan Documents, upon Lender's surrender to Borrower of the mutilated Loan Document, Borrower shall execute and deliver to Lender a Loan Document in form and content identical to, and to serve as a replacement of, the lost, stolen, destroyed, or mutilated Loan Document, and such replacement shall have the same force and effect as the lost, stolen, destroyed, or mutilated Loan Documents, and may be treated for all purposes as the original copy of such Loan Document.

31. **Assignment of Rents.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property. Borrower shall have the right to collect and retain the rents of the Property as they become due and payable provided Lender has not exercised its rights to require immediate payment in full of the sums secured by this Security Instrument and Borrower has not abandoned the Property.

32. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

ALD10016.wp (11-30-01)

Loan Number: 391000347

Servicing Number: 671167-5

Date: 07/30/02

[Check applicable boxes]

☒ Adjustable Rate Rider
☐ No Prepayment Penalty Option Rider
☐ Other(s) (specify)

☐ Condominium Rider
☐ Planned Unit Development Rider

☐ 1-4 Family Rider
☐ Occupancy Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_Bernice Muhammad_ (Seal)
BERNICE MUHAMMAD      -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

STATE OF ALABAMA,                    MOBILE    County as:

On this  30th  day of  July
RICHARD Singleton Sawyer                    2002 I,

hereby certify that  Bernice Mohammad  a Notary Public in and for said county and in said state,

foregoing conveyance, and who  is  whose name(s)  is  signed to the
of the contents of the conveyance,  known to me, acknowledged before me that, being informed
a Mortal  he  5  act on the day the same bears date.
executed the same voluntarily and as
Given under my hand and seal of office this  30  day of  July  2002.

My Commission Expires: 10/18/2004     _Richard Singleton Sawyer_
                                       Notary Public

This instrument was prepared by
Option One Mortgage
PO Box 57076
Irvine, Ca. 92619-7076

Page 7 of 7

ALD10017.wp (11-30-01)

**EXHIBIT "A"**
**Legal Description**

That lot of land described as beginning at a point on the East line of Cherokee Street, 250 feet Southwardly from the South line of Government Street, measured along the East line of Cherokee Street, thence Southwardly along the East line of Cherokee Street 50 feet to a point for a front, thence Eastwardly at right angles to Cherokee Street 145 feet 3 inches to a point, thence Northwardly and parallel with Cherokee Street 104 feet, more or less, to a point; thence Southwestwardly on a line parallel with Government Street to the point of beginning. ALSO, that lot of land described as commencing at a point on the East side of Cherokee Street 270 feet Northwardly from the Northeast corner of Cherokee Street and LaSalle Avenue, running thence Northwardly on the East side of Cherokee Street 14 feet 3 inches to the South line of the property hereinabove described; thence Eastwardly along said South line 145 feet 3 inches to a point; thence Southwardly 14 feet 3 inches, thence Westwardly 145 feet 3 inches to the place of beginning. All of said measurements being more or less. Being the North 14 feet, 3 inches of Lot 67, Lee Place, as per plat recorded in Deed Book 132, N.S., Page 344. Being the same property described in Real Property Book 3997, Pages 0423-0424 as recorded in the Office of the Judge of Probate, Mobile County, Alabama.

Loan Number:  391000347      Servicing Number:  671167-5        Date:  07/30/02

# ADJUSTABLE RATE RIDER
## (LIBOR Index - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made  July 30, 2002
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Adjustable Rate Note (the "Note") to
         Option One Mortgage Corporation, a California Corporation
(the "Lender") of the same date and covering the property described in the Security Instrument and located
at:

255   CHEROKEE STREET,   MOBILE, AL 36606-1237

[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST
RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE
BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE
MAXIMUM RATE THE BORROWER MUST PAY.**

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

The Note provides for an initial interest rate of              8.990%                      . The
Note provides for changes in the interest rate and the monthly payments, as follows:

4.     INTEREST RATE AND MONTHLY PAYMENT CHANGES
       (A) Change Dates
       The interest rate I will pay may change on the first day of    August        2004
and on that day every sixth month thereafter. Each date on which my interest rate could change is called a
"Change Date."
       (B) The Index
       Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the
average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market
("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first
business day of the month immediately preceding the month in which the Change Date occurs is called the
"Current Index."
       If the Index is no longer available, the Note Holder will choose a new index that is based upon
comparable information. The Note Holder will give me notice of this choice.
       (C) Calculation of Changes
       Before each Change Date, the Note Holder will calculate my new interest rate by adding
       SIX AND 24/100                               percentage point(s) ( 6.240%    )
to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth
of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX - Single Family
Page 1 of 3

USRI0021 (02-23-99)

Loan Number: 391000347     Servicing Number: 671167-5      Date: 07/30/02

be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than

       11.990%  or less than    8.990%                        . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than     14.990%            or less than   8.990%

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Covenant 17 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family
Page 2 of 3

USRID022 (02-23-99)

Loan Number:  391000347     Servicing Number:  671167-5     Date:  07/30/02

      BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)       _____ (Seal)
BERNICE   MUHAMMAD

_____ (Seal)       _____ (Seal)

_____ (Seal)       _____ (Seal)

State of Alabama - Mobile County
I certify this instrument was filed on:

Wed, Aug-07-2002 @ 3:45:00PM

| | |
|---|---|
| MORTGAGE TAX | 144.00 |
| SURCHARGE | 10.00 |
| 3. R. FEE | 2.00 |
| RECORDING FEE | 28.50 |
| TOTAL AMOUNT | $184.50 |

2002060777
Don Davis, Judge of Probate

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family
Page 3 of 3

USRI0023 (02-23-99)

Loan Number: 391000347     Servicing Number: 671167-5     Date: 07/30/02

**ADJUSTABLE RATE NOTE**
(LIBOR Index - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

*I HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL EXECUTED INSTRUMENTS AS FILED IN THE OFFICE OF THE JUDGE OF PROBATE  BAY TITLE INSURANCE COMPANY*

255   CHEROKEE STREET,   MOBILE, AL 36606-1237 CLOSING AGENT
[Property Address]

**1.    BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S.     $96,000.00     (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
Option One Mortgage Corporation, a California Corporation
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.    INTEREST**
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of    8.990%     . The interest rate I will pay may change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3.    PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making payments every month.
I will make my monthly payments on the first day of each month beginning on    September 01   ,   2002   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on,    August 01   ,   2032   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at    OPTION ONE MORTGAGE CORPORATION
DEPARTMENT 7821, LOS ANGELES, CA 90084-7821
or at a different place if required by the Note Holder.
(B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S.    $771.75     . This amount may change.
(C) Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.
(D) Application of Payments
Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

**4.    INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change Dates
The interest rate I will pay may change on the first day of    August 01   ,   2004   and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
(B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.
(C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding
SIX AND 6/25    percentage point(s) (   6.240%   ) to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.
The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

ALABAMA ADJUSTABLE RATE NOTE-LIBOR INDEX - Single Family
Page 1 of 3

ALNT0021.wp (04-12-02)

Loan Number: 391000347        Servicing Number: 671167-5        Date: 07/30/02

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **11.990%** or less than **8.990%**. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than **14.990%** or less than **8.990%**

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5.    BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

If within **24 Months** from the date of execution of the Security Instrument I make a full prepayment or, in certain cases, a partial prepayment, I will at that same time pay to the Note Holder a prepayment charge. In no event will such a charge be made unless it is authorized by state or federal law. The prepayment charge will be equal to six (6) months advance interest on the amount of any prepayment that, when added to all other amounts prepaid during the twelve (12) month period immediately preceding the date of the prepayment, exceeds twenty percent (20%) of the original principal amount of this Note.

**6.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (I) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (II) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7.    BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **6.000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument, except as otherwise required by applicable law.

**(C) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, whether or not a lawsuit is filed. Those expenses include, for example, reasonable attorneys' fees.

**8.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.    WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

ALNT6022.wp (04-12-02)

Loan Number: 391000347        Servicing Number: 671167-5        Date: 07/30/02

11.    **SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
BERNICE   MUHAMMAD                -Borrower                                      -Borrower

_____ (Seal)        _____ (Seal)
                                 -Borrower                                      -Borrower

_____ (Seal)        _____ (Seal)
                                 -Borrower                                      -Borrower

[Sign Original Only]

ALNT0023.wp (04-12-02)

**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

In Re:

BERNICE MUHAMMAD,

                      :    CASE NO. 02-14651-WSS

                      :    CHAPTER 13

        Debtor.    :    JUDGE:  WILLIAM S. SHULMAN

## PROOF OF CLAIM

1. CLAIMANT:
   PAYMENT ADDRESS
   OF CLAIMANT:

   Option One Mortgage Corporation
   Option One Mortgage Corporation
   3 Ada, C 879 AM
   Irvine, CA  92618

   LOAN NUMBER:    0006711675

2. CLASSIFICATION OF CLAIM:

   Secured to the Full Value of the Property.
   Supporting Document Attached as Exhibit "A"

3. COLLATERAL:

   Real Estate:  Supporting Document Attached as Exhibit "A"

4. TOTAL AMOUNT OF CLAIM:
   (Includes principal balance of $ 95,678.74, interest from date of default, late charges, fees & costs.)
                                             $100,961.42

5. ARREARAGES TO BE PAID UNDER THE PLAN PER ORDER ENTERED AUGUST 11, 2003:

| | | | | |
|---|---|---|---|---|
| 5 | Payments (3/1/2003 - 7/1/2003) | @ | $ 771.75 | $ 3,858.75 |
| 4 | Late charges | @ | 46.31 | 185.24 |
| | BK Attorney Fees & Cost per order | | | 725.00 |

TOTAL ARREARS                                 $ 4,768.99

TOTAL ARREARS AND INTEREST TO BE
PAID UNDER THE PLAN                 $ 4,768.99

The amount of all payments in this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor, if any.

This the _9th_ day of _September_, 2003.

_[signature]_ James H. Greer

James H. Greer, AL Bar No. ASB-2693-E65J
Key, Greer, Frawley, Key & Harrison
Local Alabama Counsel
Post Office Box 360345, Birmingham, AL 35236
(205) 987-2211

226.0302927AL / ln #0006711675



IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:                *

                    *

BERNICE MUHAMMAD     *     Case No.  02-14651-WSS

                    *     Chapter 13 Proceeding

Debtor.              *

## ORDER ON MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

On or about the 16th day of July, 2003, this matter came before the Court for hearing on the Motion for Relief from Automatic Stay filed by Option One Mortgage Corporation (hereinafter "Option One"). Phillip M. Leslie appeared for the Debtor and James H. Greer appeared for the Movant.

Based upon representations and Consents of counsel, the Court finds and it is **ORDERED, ADJUDGED and DECREED**, as follows:

1.     Option One's Motion for Relief from Stay is conditionally denied as to the following described real property: 255 Cherokee Street, Mobile, Alabama 36606.

2.     Option One shall be allowed to file a secured arrearage claim through July 2003 in the amount of $ 4,768.99.

3.     If the debtor fails to pay a complete monthly mortgage payment in bankable funds to Option One beginning in August 2003 by the 15th day of each month, Option One shall mail, by regular mail, a written (15) fifteen day notice of default to the debtor and debtors attorney at their addresses listed in the petition. If the default is not cured within fifteen (15) days of the letter, the automatic stay provided under 11 U.S.C. §362 will terminate automatically without further notice or Order of this court.

4.     Option One and the Debtor agree that Option One shall be allowed to contact the Debtor by telephone or in writing regarding any delinquent post petition mortgage payments, canceled insurance and/or delinquent property taxes commencing with August 2003.

Dated:    **August 11, 2003**

*William S. Shulman*

WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

ORDER PREPARED BY:
James H. Greer, Esquire pursuant to the agreement of the parties.

**EXHIBIT C**

 

*2650*

July 15, 2004

BERNICE MUHAMMAD
255 CHEROKEE ST.
MOBILE, AL 36606
Attn:

In Re: Debtor: MUHAMMAD
       Case No.: 02-14651
       Loan No.: 0006711675

To whom it may concern:

Attached is check number 0249 for $771.95.  We are unable to accept and apply these funds to the above-referenced loan number as OOMC was granted relief from the automatic stay on this case.

If you have any questions regarding this matter, please contact Option One at the toll free number, 1-888-355-7305,            Monday through Friday, from 7:00 am to 5:00 pm, PST.

Sincerely,

Nick Estrada
Bankruptcy Department

Please be advised that Option One Mortgage Corporation is a debt collector.  This does not imply that Option One is attempting to collect money from anyone active in bankruptcy or from anyone whose debt has been discharged under the bankruptcy laws of the United States.

BK018 010 NE2

# EXHIBIT
## I



1-800-AMSOUTH

REID & ASSOCIATES
5012 Virginia Cir
Tuscaloosa, AL 35401
251-709-1865

0249

61-1/620

DATE 6/25/04

PAY TO THE
ORDER OF _____

$ 771.95

Seven Hundred Seventy One 95/100 _____ DOLLARS

**AmSouth** BANK
THE RELATIONSHIP PEOPLE

FOR 255 Cherokee St. Baus Maturel

⑈000249⑈ ⑆062000019⑆ 00337725⑈25⑈

**EXHIBIT**

**EXHIBIT D**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In Re:                              )

BERNICE MUHAMMAD,                   )

    Debtor.                    ) 02-14651

---

## ORDER

This matter being before the court on October 20, 2004, on **"DEBTOR'S EMERGENCY MOTION TO ENJOIN OPTION ONE MORTGAGE FROM FORECLOSING MORTGAGE ON DEBTOR'S HOMEPLACE, OR, IN THE ALTERNATIVE, MOTION TO DISMISS DEBTOR'S CHAPTER 13 WITHOUT AN INJUNCTION"**, and respective counsel for Debtor and Option One Mortgage being present and a proffer by Debtor's attorney having been made to the court regarding this matter, and counsel for Option One Mortgage having made an appropriate objection and the court having overruled said objection, it is, therefore,

ORDERED, ADJUDGED and DECREED that the Debtor's chapter 13 is hereby dismissed in its entirety effective at the close of business on October 20, 2004, without the benefit of any injunction whatsoever.

Dated:    October 28, 2004

_William S. Shulman_
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

-1-

091892

*Law Offices Of*
*PHILLIP M. LESLIE, P. C.*  COPY
*Attorney and Counsellor at Law*
*2259 Costarides Street*
*Mobile, AL 36617*

*Telephone*
*(251) 476-0293*

*Facsimile*
*(251) 476-0294*

January 12, 2005

<u>**Via Facsimile & First Class Mail**</u>
Mr. Dan Finestein
Attorney at Law
1587 Northeast Expressway
Atlanta, GA 30329

RE:   **BERNICE MUHAMMAD; 04-16354**

Dear Mr. Finestein:

Option One Mortgage filed a claim indicating that Ms. Muhammad owes $14,900.47 in arrears including late fees, attorney fees, escrow shortage, etc. Included in the arrears are delinquent mortgage payments from January 2004 to November 2004.  According to the printout I received in 2004, it indicates Ms. Muhammad submitted payments for January, February, March, April and May 2004 mortgage payments.  If this is correct, Ms. Muhammad is not receiving proper credit for some of the payments.  According to my records Ms. Muhammad was $8,371.97 in arrears not $14,900.47.

Please explain.

Sincerely,

PHILLIP M. LESLIE, P. C.

BY: *Phillip M Leslie/mc*
PHILLIP M. LESLIE

PML/mgc
pc:   Ms. Bernice Muhammad
Enclosure

**EXHIBIT E**

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT Southern District of Alabama | PROOF OF CLAIM |
|---|---|

| Name of Debtor BERNICE MUHAMMAD | Case Number 04-16354 Chapter 13 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): **Option One Mortgage Corporation** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|

Name and address where notices should be sent:
Option One Mortgage Corporation
Attn: Mailstop DB-AM
6501 Irvine Center Drive
Irvine, CA  92618

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number:(888) 355-7305

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor: XXXXXX1675/1081265/POC-0041212 | Check here ☐ replaces if this claim ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _
  (date)        (date)

**2. Date debt was incurred:**
7/30/2002

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:  $ _____ 109,439.39 _____ 109,439.39**
(unsecured)        (secured)        (priority)        (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☒ Real Estate  ☐ Motor Vehicle
☐ Other_____

Value of Collateral:   $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ 14,900.47

**6. Unsecured Nonpriority Claim $_____**

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority   $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:**  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date 11/16/2004 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ Gene R. Clark   Miller & Clark, PC, Attorneys for Creditor (Limited Purpose) |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Statement of Pre-Petition Arrears

11/12/2004

Debtor(s) Name: BERNICE MUHAMMAD

Servicer:          Option One Mortgage Corporation

Court Case #:   04-16354
Chapter #:       13

Servicer Loan #: XXXXXX1675

| Total Pre-Petition Arrears | $14,900.47 |
|---|---|

### Itemized Statement of Arrears

| From | To | Type of Charge | Units | Amount | Total |
|---|---|---|---|---|---|
| 1/1/2004 | 11/1/2004 | Payments | | | |
| | | Payment Late Charges | 11 | $771.75 | $8,489.25 |
| | | BPO Fee | 14 | $46.31 | $648.34 |
| | | Foreclosure Fees & Costs | 1 | $115.00 | $115.00 |
| | | NSF Fees | 1 | $2,154.36 | $2,154.36 |
| | | Attorneys Fees and Costs (Prior Bankruptcies) | 1 | $56.00 | $56.00 |
| | | Escrow Shortage | 1 | $777.58 | $777.58 |
| | | Property Inspection Fee | 1 | $2,576.94 | $2,576.94 |
| | | Suspense Balance | 1 | $82.80 | $82.80 |
| | | | 1 | $0.20 | $0.20 |

EXHIBIT
I

**EXHIBIT F**

*Law Office Of*
*Phillip M. Leslie, P. C.*
*Attorney & Counsellor At Law*
*2259 Costarides Street, Mobile, Alabama 36617*
*e-mail address: pmleslie58@bellsouth.net*

**Telephone**
(251) 476-0293

**Facsimile**
(251) 476-0294

August 15, 2006

Ms. Bernice Muhammad
255 Cherokee Street
Mobile, AL 36605

**Re:  *Workout Options***

Dear Ms. Muhammad:

Enclosed is a letter from Option One Mortgage indicating that it has workout options you may consider.  Please read the enclosed documents carefully.  If you choose to workout this matter with Option One please complete the enclosed documents and return them to my office.

If you have questions please contact my office.

Sincerely,

PHILLIP M. LESLIE, P. C.

BY:

PHILLIP M. LESLIE

PML/mgc
Enclosures



**OPTION ONE**
M O R T G A G E

*One gets it done.*

H&R BLOCK
mortgage

August 07, 2006

Phillip M. Leslie
2259 Costarides St.
Mobile,AL,36617-2443

RE: WORKOUT OPTIONS FOR BORROWERS IN BANKRUPTCY

Creditor:  Option One Mortgage Corporation
Debtor(s): Bernice Muhammad
Bankruptcy Case No.: 04-16354
Creditor Account No.: 0006711675
Property Address: 255 Cherokee St
                  Mobile AL 36606

Dear Phillip M. Leslie:

We are aware that your client has filed for bankruptcy protection.
Whether your client intends to keep or surrender the above-referenced
property, there may be more preferable or flexible options for him or
her to consider when compared with those traditionally available
under the bankruptcy law. All workout review options are obviously
contingent upon your approval and that of the trustee and the bankruptcy
court. These options include the following:

-If your client wishes to keep the property, but is suffering through or
emerging from a hardship, available options may include modifying the
loan, which could involve recapitalizing the delinquent mortgage payments
extending the maturity date, and/or reducing the interest rate if
permitted by the investor.
-If your client cannot afford to retain the property, another potential
option is the sale of the property. In situations where the value of
the property does not exceed the outstanding debt, compromises may
sometimes be made to facilitate a sale of the property at the fair market
value with liability for the shortfall forgiven.
-Should a situation arise where your client can neither afford to keep
the property, nor has he or she been able to sell it at fair market
value, and there are no junior encumbrances, the investor may possibly
accept a Deed in Lieu of Foreclosure.

We want to help homeowners, who, like your client, have encountered
financial difficulty. We request that you consult your client regarding
these alternatives. Enclosed are a blank Financial Statement and a
Workout Questionnaire for Borrowers in Bankruptcy for your client's
completion. If your client wishes to pursue one of the above options,
please have the enclosed financial statement and questionnaire completed
and returned to the below referenced fax number or address. Please

Page 1 of 2

AUG 1 4 2006





**OPTION ONE**
M O R T G A G E

*One gets it done.*

**H&R BLOCK**
mortgage

## ATTORNEY CONSENT

To: Option One Mortgage Corporation
    BK-Borrower's Assistance Team
    Fax Number 866-400-3545


Re: Debtor(s) : Bernice.Muhammad
    Bankruptcy Case No: 04-16354
    Creditor   : Option One Mortgage Corporation
    Account No.: 0006711675

In my capacity as counsel for the above-referenced debtor(s) in the
above-referenced bankruptcy case, I hereby authorize Option One
Mortgage Corporation, by its agents, to communicate directly with
the debtor(s), with such communications restricted to the subject
matter of a workout or loss mitigation alternative with respect to
the above-referenced Account Number.  In authorizing the same, it is
understood that Option One Mortgage, et al. shall not communicate
with the debtor on any other issue.

                              CONSENTED TO:

Date: _____     _____
                              Counsel for Debtor

Debtor(s) can be reached at the following telephone number:

            Day: _____ __ ___

        Evening: _____. _____.

                      -OR-

____  Although my client is interested in the loss mitigation
      alternatives, I would prefer that all related communications be
      directed through my office.  Attorney initials _____

____  I have spoken with my client, and we are not interested in
      pursuing a loss mitigation alternative.  Attorney initials _____


BK005 010 DD0

www.optiononemortgage.com    4600 Touchton Rd E ...



**OPTION ONE**
M O R T G A G E

*One gets it done.*

H&R BLOCK
mortgage

August 07, 2006

Phillip M. Leslie
2259 Costarides St.
Mobile,AL,36617-2443

RE: WORKOUT OPTIONS FOR BORROWERS IN BANKRUPTCY

Creditor: Option One Mortgage Corporation
Debtor(s): Bernice Muhammad
Bankruptcy Case No.: 04-16354
Creditor Account No.: 0006711675
Property Address: 255 Cherokee St
                  Mobile AL 36606

Dear Phillip M. Leslie:

We are aware that your client has filed for bankruptcy protection.
Whether your client intends to keep or surrender the above-referenced
property, there may be more preferable or flexible options for him or
her to consider when compared with those traditionally available
under the bankruptcy law.  All workout review options are obviously
contingent upon your approval and that of the trustee and the bankruptcy
court.  These options include the following:

-If your client wishes to keep the property, but is suffering through or
emerging from a hardship, available options may include modifying the
loan, which could involve recapitalizing the delinquent mortgage payments
extending the maturity date, and/or reducing the interest rate if
permitted by the investor.
-If your client cannot afford to retain the property, another potential
option is the sale of the property.  In situations where the value of
the property does not exceed the outstanding debt, compromises may
sometimes be made to facilitate a sale of the property at the fair market
value with liability for the shortfall forgiven.
-Should a situation arise where your client can neither afford to keep
the property, nor has he or she been able to sell it at fair market
value, and there are no junior encumbrances, the investor may possibly
accept a Deed in Lieu of Foreclosure.

We want to help homeowners, who, like your client, have encountered
financial difficulty.  We request that you consult your client regarding
these alternatives.  Enclosed are a blank Financial Statement and a
Workout Questionnaire for Borrowers in Bankruptcy for your client's
completion.  If your client wishes to pursue one of the above options,
please have the enclosed financial statement and questionnaire completed
and returned to the below referenced fax number or address.  Please

Page 1 of 2

AUG 1 4 2006







include with them copies of:

-Most recent pay stubs/bank statements for all borrowers listed on the loan documents (if self employed, a profit and loss statement)
-A brief statement describing your client's current financial situation.

This information will help our company to determine whether your client qualifies for the option requested or if others are available. If your client is trying to sell the property, please also include copies of the listing agreement, appraisals, offer, estimated HUD-1 and any other relevant documents. In addition, we request that you fax and/or mail a copy of the Chapter 13 plan (if applicable) and schedules A, D, I, & J, as this will expedite the review process. Please note that no action can be taken on any option your client may desire to pursue until all the above-requested information has been received. Please mail or fax to Attention: BK-Borrower's Assistance Team, Fax: 866-809-5963 Mail: 4600 Touchton Rd. East  Bldg. 200 Ste 102  Jacksonville, Fl 32246

Additionally, in order to expedite matters, we have enclosed a consent form for you regarding future communication on this matter, authorizing us to communicate directly with your client regarding the subject matter of this letter. Kindly review the same, and if it is acceptable, please execute and fax or mail it back to our office at the above-referenced address and fax number.

If you have any questions or wish to discuss these or any other opportunities, please feel free to contact our BK-Borrowers Assistance Team at 888-275-2648 ext. 61093.

Very truly yours,

Deloris Davis
BK- BAT Loan Consultant

## Attention

Please be aware that exploration of the above-referenced options does not dispense with the requirement that ongoing mortgage and/or plan payments be made throughout the process. Option One reserves the right to take all actions permitted by law to protect its rights independent of this offer. We cannot guarantee approval by the trustee, court or the investor on the account of any particular option, or predict any possible tax consequences. However, should an agreement be reached between your client and Option One regarding a particular option, we expect that you and your client will assist in obtaining any necessary investor, trustee and/or court approval to implement it.

## Special Notice

In the event that the Federal Fair Debt Collection Act applies to this communication, we are required to inform you that this communication is from a debt collector.

Page 2 of 2
BK055 017 DD0



BERNICE MUHAMMAD
255 CHEROKEE ST
MOBILE, AL 36606
October 5, 2006

RE: WORKOUT OPTIONS FOR BORROWERS IN
    BANKRUPTCY.

Creditor: Option One Mortgage Corporation.
Creditor Account No.: 0006711675

Dear Option One Mortgage

I, Bernice Muhammad intend to keep my property, and to look at flexible options that I may consider. The hardship That I am emerging from is the back to back (Hurricanes in 2004 &2005), I am a vocalist and work touring the world, and could not move at all after Katrina hit, there was much damage and I had to protect the property as best I could.

There was so much damage that was not covered by the insurance, and I had to pay out money that I never recovered and that in it self hurt me very bad. I was still suffering from (Hurricane Ivan) when Katrina hit, and in order for me to live in the home I actually had to repair the home and that meant I could not work. I turned down tours because the property was not safe and had much damage. It is important for you to understand that this replacement coverage did not kick in from the insurance company until

October 05, and that was just the inspection of the damage property.

The set back was and is a loss to me, and yes I need help with my financial difficulty, the bankruptcy dept. said Option One would place the missed payments in the back of the loan if I was having trouble because of the hurricane. I do feel I need to modify the loan that could recapitalize the delinquent mortgage payments extending the maturity date, and reducing the interest rate if permitted by the investor. In August 30, 2005 I called the bankruptcy department to find out what was going to happen if I could not make payment in September because I knew it would not be anytime soon. I had paid August, September was now on me and I could not leave home to work, I was in a hurricane repair, and the damages were great and there's still more needed things to be looked after.

The payments that were made in November 04 to August 05 are not being credited to my mortgage payments, this situation needs to be looked into, this is causing an outstanding debt obviously and some of the hardship. In situations where the payments are not reported it shows a liability on Option One and it must review mortgage payments of the borrower and adjust the payments, this involves (10) months of payments that are not reported.

All of the options sound good and the bankruptcy is being paid, but the interest and delinquent and late payments fee on payments that have been paid are not fair to the borrower and needs to be addressed, and the right amount

 **OPTION ONE**
M O R T G A G E
an H&R BLOCK company

 H&R BLOCK

### WORKOUT QUESTIONNAIRE FOR BORROWERS IN BANKRUPTCY

Bankruptcy Case Number: _____

To: Option One Mortgage Corporation
    BK-Borrower's Assistance Team
    Fax Number 866-400-3545

I am interested in the following option:

____ Repayment Plan (I would agree to repay the existing delinquency
     within 6 months or less - Document Financial
     Information is not required).

✓ Loan Modification (I desire to keep my home and request that the
     past due amount owed be capitalized).

____ Sale (I would agree to sell the property at fair market value
     even if the proceeds are not sufficient to pay off the account
     in full, to avoid a foreclosure).

____ Deed-in-Lieu-of-Foreclosure (I cannot sell the property or
     afford to keep it, but there are no junior liens and I am willing
     to deed the property to the Servicer to avoid a foreclosure).

The following explains my current situation:

1. I fell behind in my mortgage payments because:
   BACK TO BACK HURRICANES

2. My income and/or expenses have changed since filing bankruptcy
   as follows:


3. I am requesting a loan modification and am able to make the
   following cash contribution to pay down outstanding fees and
   costs and/or payments (this sum would be applied towards the
   modification or repayment agreement if and when approved):


4. If my workout option is approved, and I am in a Chapter 13
   bankruptcy, I will most likely (a) convert to a Chapter 7,
   (b) dismiss my case or (c) remain in the bankruptcy to pay
   my second secured creditors. (Please circle one)


BEFORE FAXING THIS QUESTIONNAIRE, PLEASE BE CERTAIN THE FOLLOWING
IS INCLUDED:

(Exception-information below not required for repayment plan or if
in a Chapter 7 and requesting a short sale or deed in lieu):

Page 1 of 2





____ Complete Financial Statement
____ Current Pay stub (all borrowers)
____ Most recent bank statements (checking and savings);
____ Evidence of assistance from family members, if applicable

### Attention

Please be aware that exploration of the above-referenced options does not dispense with the requirement that ongoing mortgage and/or plan payments be made throughout the process. Option One reserves the right to take all actions permitted by law to protect its rights independent of this offer. We cannot guarantee approval by the trustee, court or the investor on the account of any particular option, or predict any possible tax consequences. However, should an agreement be reached between your client and Option One regarding a particular option, we expect that you and your client will assist in obtaining any necessary investor, trustee and/or court approval to implement it.

### Special Notice

In the event that the Federal Fair Debt Collection Act applies to this communication, we are required to inform you that this communication is from a debt collector.

Page 2 of 2
BK007 015 DD0



# FINANCIAL STATEMENT

**Loan #:**

| | | |
|---|---|---|
| Borrower: BERNICE MUHAMMAD | Res. Tel. #: 251 476-1787 | Work Tel. #: |
| Social Security Number: 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 | | |
| Co-Borrower: | Res. Tel. #: | Work Tel. #: |
| Social Security Number: | | |

**Property Address:** 255 CHEROKEE ST

| City: MOBILE | State: AL | Zip Code: 36606 |
|---|---|---|

Current Address (if different from property address – Do not use Post Office Box):

| City: | State: | Zip Code: |
|---|---|---|

Total number of dependents: _____ 1

Have you contacted credit-counseling services? NO

Is your home listed for sale? NO

If yes, who is your agent? _____

| Borrower Employment History | | | Co-Borrower Employment History | | |
|---|---|---|---|---|---|
| Currently Employed? ☑Yes ☐No | | | Currently Employed? ☐Yes ☐No | | |
| How Long?: 15 yrs. | | | How Long?: | | |
| Present Employer: | | | Present Employer: | | |
| Position/Title: | | | Position/Title: | | |
| If self-employed, name of co.: Rsia y Assoc (Mobil) | | | If self-employed, name of co.: | | |

| Description | Monthly Income Borrower | Co-Borrower | Total |
|---|---|---|---|
| Social Security Number: | 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 | | |
| Net Salary/Wages | $ | $ | $ |
| Unemployment Income | $ | $ | $ |
| Child Support/Alimony | $ 1,000 – | $ | $ 1,000 – |
| Disability Income | $ | $ | $ |
| Rental Income | $ | $ | $ |
| (ST) area (long) | 800 – | | 1,800 – |

**Assets/Liabilities** – If you own real estate in addition to your personal residence, please attach a complete list of property addresses / name(s) of Lender / Lender's address and phone number / account numbers / monthly payment / amount owed / estimated value & rental income.

| Description | Estimated Value | Amount Owed | Net Value |
|---|---|---|---|
| Personal Residence | $ 145K | $ 95K | $ 50K |
| Personal Property | $ 40K | $ | $ 40K |
| Checking Accounts | $ – | $ | $ – |
| Savings Accounts | $ – | $ | $ – |
| IRA/401K/Keogh Accounts | $ – | $ | $ – |
| Stocks/Bonds/CD's | $ – | $ | $ – |
| Cash Value of Life Insurance | $ – | $ | $ – |
| Other | $ | $ | $ |

| Totals | $ | | $ | | $ |
|---|---|---|---|---|---|

## Expenses

| Description | Monthly Payment | Balance Due | Date Financed | B | P |
|---|---|---|---|---|---|
| Other Mortgages/Liens/Rents | $ 781 | $ | | ☐ | ☐ |
| Alimony/Child Support | $ — | $ | | ☐ | ☐ |
| Homeowners Assoc. Dues | $ — | $ | | ☐ | ☐ |
| Child Care | $ — | $ | | ☐ | ☐ |
| Health Insurance | $ 63 | $ | | ☐ | ☑ |
| Medical | $ — | $ | | ☐ | ☐ |
| Credit Card/Installment Loans | $ — | $ | | ☐ | ☐ |
| Auto Loan(s) | $ — | $ | | ☐ | ☐ |
| Auto Expenses/Gasoline/Insurance | $ | $ | | ☐ | ☐ |
| Food/Spending Money | $ 375 | $ | | ☐ | ☑ |
| Water/Sewer/Utilities/Phone | $ 424 | $ | | ☐ | ☑ |
| Other BANKRUPTCY | $ 200 - | $ | | ☐ | ☑ |

CLEANING   194 -

## Borrower(s) Financial Hardship

### (Reason for Delinquency/Inability to Satisfy Mortgage Obligation)

SEE ATTACHMENT

I/we obtained a mortgage loan secured by the above-described property. I/we have described my/our present financial condition and reason for default on this financial analysis form and have attached required documentation. Under my/our present circumstances, I/we cannot bring my/our mortgage loan current. Therefore, I/we hereby request assistance under Option One's loss mitigation program.

If my/our lender and/or servicer determine that the information and/or documentation provided by me/us with this financial analysis form is incomplete, or insufficient to render a decision as to my/our eligibility for a loss mitigation workout, my/our request for a loss mitigation workout may be denied or delayed until I/we have provided the lender and/or servicer with additional information and/or documentation as requested by them. If any information and/or documentation has been misrepresented by me/us, I/we understand and agree that such misrepresentation will be grounds either for immediate rejection of my/our request for assistance or immediate termination of any loss mitigation workout agreed to by the lender and/or servicer. Furthermore, I/we shall be liable for any losses or damages suffered by the lender and/or servicer as a result of such misrepresentation.

By signing below, I/we certify that the information and documentation provided is true and correct to the best of my/our knowledge. In the event a third party is designated to act on my/our behalf, I/we have included written authorization to the designee to act on my/our behalf.

In the event I/we am/are able to bring the loan current or are able to sell the property for an amount sufficient to pay off my/our mortgage loan in full during the evaluation process, I/we understand that my/our request for participation in Option One's loss mitigation program will be withdrawn without further action.

Submitted this ___5___ day of ___Oct___, ___06___

_____          Signature

of Borrower    Date

_Bernie McKean_ _____

Signature of Borrower                        Date

## REMINDER

Before mailing, make sure you have signed and dated this form. Include copies of your last two months pay stubs, and bank statements of your checking and/or savings accounts. If you are self-employed, attach a copy of the past six-month's profit and loss statement along with your most recent Federal Tax returns. If property is Income/Rental property, please provide a copy of the current Lease Agreement(s).

8:34 AM
10/04/06
Accrual Basis

# KARMILLA ALI
## Profit & Loss
### January 2006

|  | Jan 06 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Performance Income | 475.00 |
| **Total Income** | 475.00 |
| **Gross Profit** | 475.00 |
| **Net Ordinary Income** | 475.00 |
| **Net Income** | 475.00 |

8:35 AM
10/04/06
Accrual Basis

# KARMILLA ALI
# Profit & Loss
## February 2006

|  | Feb 06 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Performance Income | 400.00 |
| **Total Income** | 400.00 |
| **Gross Profit** | 400.00 |
| **Net Ordinary Income** | 400.00 |
| **Net Income** | 400.00 |

8:38 AM
10/04/06
Accrual Basis

# KARMILLA ALI
# Profit & Loss
### March 2006

|  | Mar 06 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Performance Income | 1,100.00 |
| **Total Income** | 1,100.00 |
| **Gross Profit** | 1,100.00 |
| **Expense** | |
| Musicians | 400.00 |
| **Total Expense** | 400.00 |
| **Net Ordinary Income** | 700.00 |
| **Net Income** | 700.00 |

8:39 AM
10/04/06
Accrual Basis

# KARMILLA ALI
## Profit & Loss
### April 2006

| | Apr 06 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| C.D. Income | 50.00 |
| Performance Income | 800.00 |
| **Total Income** | 850.00 |
| **Gross Profit** | 850.00 |
| **Expense** | |
| Musicians | 300.00 |
| **Total Expense** | 300.00 |
| **Net Ordinary Income** | 550.00 |
| **Net Income** | 550.00 |

8:40 AM

10/04/06

Accrual Basis

# KARMILLA ALI
## Profit & Loss
### May 2006

|  | May 06 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Performance Income | 4,600.00 |
| **Total Income** | 4,600.00 |
| **Gross Profit** | 4,600.00 |
| **Expense** | |
| Agent Fee | 460.00 |
| Musicians | 3,000.00 |
| **Total Expense** | 3,460.00 |
| **Net Ordinary Income** | 1,140.00 |
| **Net Income** | 1,140.00 |

6:40 AM
10/04/06
Accrual Basis

# KARMILLA ALI
# Profit & Loss
## June 2006

|  | Jun 06 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Performance Income | 13,800.00 |
| **Total Income** | 13,800.00 |
| **Gross Profit** | 13,800.00 |
| **Expense** | |
| Agent Fee | 1,380.00 |
| Musicians | 9,000.00 |
| **Total Expense** | 10,380.00 |
| **Net Ordinary Income** | 3,420.00 |
| **Net Income** | 3,420.00 |

8:41 AM
10/04/06
Accrual Basis

# KARMILLA ALI
## Profit & Loss
### July 2006

|  | Jul 06 |
|---|---|
| Net Income | 0.00 |

8:41 AM
10/04/06
Accrual Basis

# KARMILLA ALI
# Profit & Loss
## August 2006

|  | Aug 06 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Performance Income | 1,200.00 |
| **Total Income** | 1,200.00 |
| **Gross Profit** | 1,200.00 |
| **Expense** | |
| Music Supplies | 0.00 |
| Musicians | 600.00 |
| **Total Expense** | 600.00 |
| **Net Ordinary Income** | 600.00 |
| **Net Income** | 600.00 |

# EXHIBIT G

*Law Office Of*
*Phillip M. Leslie, P. C.*
**Attorney & Counsellor At Law**
*2259 Costarides Street, Mobile, Alabama 36617*
*e-mail address: pmleslie58@bellsouth.net*

**Telephone**                                                    **Facsimile**
(251) 476-0293                                              (251) 476-0294

August 15, 2006

Ms. Bernice Muhammad
255 Cherokee Street
Mobile, AL 36605

**Re:   *Workout Options***

Dear Ms. Muhammad:

Enclosed is a letter from Option One Mortgage indicating that it has workout options you may consider.  Please read the enclosed documents carefully.  If you choose to workout this matter with Option One please complete the enclosed documents and return them to my office.

If you have questions please contact my office.

Sincerely,

PHILLIP M. LESLIE, P. C.

BY: _Phillip M. Leslie_

PHILLIP M. LESLIE

PML/mgc
Enclosures

# EXHIBIT H

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA


IN RE: BERNICE MUHAMMAD,              )
                                      )        **CHAPTER 13**
                                      )        **CASE NO. 04–16354-WSS**
                      Debtor(s).      )


### ORDER

This matter came on for hearing upon the motion of Option One Mortgage Corporation ("Option One"),

seeking relief from the automatic stay imposed by 11 U.S.C. Section 362(d) as the same relate to the enforcement

of the lien of Option One, and its assigns, against property of the Debtor(s) located at 255 CHEROKEE STREET,

MOBILE, ALABAMA 36619.

Whereas the Court being informed of the agreement of the parties, it is therefore ORDERED, ADJUDGED

and DECREED that the motion of Option One is CONDITIONALLY DENIED, conditioned upon the following:

1.      The Debtor(s) post-petition arrearage due Option One in the aggregate amount of $3,987.70, which

represents the payments due for October, 2006, through and including the January, 2007 payment, and which also

includes attorney's fees and Court costs in the amount of $ 800.00, is to be placed into the Debtor(s) Chapter 13 plan.

The Debtor(s) plan shall be amended to include, and Option One shall be allowed to file a claim for, the

aforementioned post-petition arrearage, fees and costs.

2.      The Debtor(s) shall resume his/her/their regular monthly payments due Option One as said payments

fall due each month, beginning with the February, 2007 payment, and continuing each successive month thereafter

until the Debtor(s) mortgage obligation with Option One, or its assigns, has been satisfied.

3.      In the event that any regular monthly payment is not received by Option One, or its assigns, by the

date it falls due pursuant to the terms of the Debtor(s) loan agreement with Option One, beginning with the February,

2007 payment, then Option One, or its assigns, shall give notice to the Debtor(s) and the Debtor(s) attorney of the

default, and if the default is not cured within twenty (20) days of the date of said notice, then the automatic stay shall

immediately lift without further Orders from the Court, allowing Option One, or its assigns, to proceed against or

FEB 1 2 2007

otherwise liquidate the property described hereinabove.

Dated:    February 5, 2007

*William S Shulman*

WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

Consented to by:

Phillip M. Leslie, Esq.
Attorney for Debtor(s)
2259 Costaridee Street
Mobile, Alabama 36617

John C. McAleer, III
Chapter 13 Trustee
Southern District of Alabama
P. O. Box 1884
Mobile, Alabama 36633

This Order was prepared by:

Scott J. Humphrey, Esq.
Attorney for Option One Mortgage Corporation
3829 Lorna Road, Suite 322
Hoover, Alabama   35244



# COLONIAL BANK

**Account:** 8034231624     **Check:** 1707     **Cleared:** 2007 Feb 14     **Amount:** $818.95



The image is a copy of an original document or substitute check but may not accurately reflect its current status.

# COLONIAL BANK

**Account:** 8034231624 **Check:** 1497 **Cleared:** 2007 Mar 22 **Amount:** $818.95

*061000146*
03/22/2007
6218130481

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

[1221052781 03/21/2007 0000008205588737]

DONALD REID
554 HELVESTON ST
MOBILE, AL 36617

81-131/620 1497

DATE 3/1/07

PAY TO THE ORDER OF Option One Mortgage $ 818.95

Eight Hundred Eighteen 95/00 DOLLARS

COLONIAL BANK N.A.
Northport, Alabama
24 Hr Colonial Connection 1-877-502-2265

MUHAMMAD Classic Advantage Limited

FOR 0006711675 OGRACG

⑆062001319⑆ 8034231624⑈ 1497 ⑉0000081895⑉

⑆062001319⑆ 8034231624⑈ 1497 ⑉0000081895⑉

181488275
F.D.O. COMC. >121000248<
WELLS FARGO<4153339519>
ENT=5592 TRC=554 10 PK=08

NFB WA-EFT, CA 03212007
TRACER# 3438 PKT# 003
▶122105278
0820588737

COLONIAL BANK HOOVER, AL
032207 99-990022

0117735130

*061000146* 03/22/2007 6218130481
122000247 03/22/2007 3494431949

↓Do not endorse or write below this line.↓

The image is a copy of an original document or substitute check but may not accurately reflect its current status.

**REID & ASSOCIATES**
251-709-1865
554 HELVESTON STREET
MOBILE, AL 36617

529

Date 5/9/07

61-283/651
01

Pay to the
Order of _Option One_ $ 880.00

_Eight Hundred Eight_ Dollars

**CNB** COMMONWEALTH
NATIONAL BANK
Uniquely Yours!
Mobile, AL

For _0006711675_  Berneo Mohammad
25 Schulokeest
Mobile 36406

⑆065102833⑆ ⑈048 4207 3⑈ 0529

# EXHIBIT I



*Law Offices Of*
*Phillip M. Leslie, P. C.*
**Attorney & Counsellor At Law**
*121 N. Lafayette Street, Mobile, Alabama 36604*
*e-mail address:  pmleslie58@bellsouth.net*

**Telephone**                                                                                      **Facsimile**

*(251) 432-7214*                                                                               *(251) 432-7243*

August 16, 2007

**_Via Electronic Mail & Via First Class Mail_**
Mr. Scott J. Humphrey
Attorney at Law
3829 Lorna Road
Suite 322
Hoover, AL 35244

**Re:  Bernice Muhammad; Motion For Relief From Stay Set For**
**August 22, 2007 at 8:30 a.m.; Case Number: 04-16354**

Dear Mr. Humphrey:

As you know the above-referenced case is scheduled for a hearing in the United States Bankruptcy Court on Wednesday, August 22, 2007, at 8:30 a.m.

During our last conversation concerning this case, you indicated that based on information made available to you, Ms. Muhammad owes approximately $18,000.00 to Option One in mortgage arrearage payments. My client disagrees that she owes Option One $18,000.00 in mortgage arrears.  After an exhaustive review of this matter using documents furnished to my client by Option One, we have concluded that the total amount of post-petition arrearage owed by Ms. Muhammad is $15,780.77. The total arrearage of $15,780.77 is based mostly on information provided by Option One Mortgage Corporation as detailed hereinbelow.

Mr. Humphrey
August 16, 2007
Page 2
**Re:   *Bernice Muhammad***


According to the mortgage note signed by Bernice Muhammad on July 31, 2002, the first payment under the mortgage was due on September 1, 2002.  That means that as of August 1, 2007 a total of sixty (60) payments were due on the mortgage in question.  For awhile the amount of each monthly payment was approximately $771.75.  I am aware that the mortgage payments increased to $780.95 in February 2005 to the present.  Therefore, my calculations are as follows:

- 29 payments @ $771.75 = $22,373.50
- 31 payments @ $780.95 = $24,209.45
- $22,373.50 plus $24,209.45 = $46,582.95
- $46,582.95 is the total amount of payments which should have been paid to Option One as of August 1, 2007.

Moreover, the enclosed documents obtained from Option One and designated as Exhibits A, B and C show that from September 2002 through May 2007, Ms. Muhammad paid Option One a total of $25,066.05.  In addition, Exhibit D consisting of copies of checks recently sent to Option by Ms. Muhammad shows an additional amount of $1,637.90 paid by Ms. Muhammad, thereby bringing the total sum paid to Option One Mortgage by Ms. Muhammad to $26,703.95.

In addition to the payments made directly to Option One by Ms. Muhammad over the past five (5) years, the chapter 13 trustee (Exhibit E) has disbursed to Option One the sum of $3,241.13.  Thus, the $3,241.13 added to the $26,703.95 makes a grand total of $29,945.08 paid to Option One over the last five (5) years.

*Paid to Option one by the trustee is $3,241.13*
*+ this from $26,703.95 = 23,462.82*
*Paid "$29,945"*

Mr. Humphrey
August 16, 2007
Page 3
*Re:   **Bernice Muhammad***


Subtracting the $29,948.09 from what should have been paid after five (5) years into the mortgage note ***(note: not to be confused with the 60 months of the chapter 13 plan)*** leaves an overall post-petition arrearage of $16,634.87.

Further, the overall arrearage of $16,634.87 must be reduced by $854.10 which is the amount of hazard insurance charged to Ms. Muhammad by Option One in August of 2005.  Ms.  Muhammad had her own insurance at this time and there was no reason for Option One to take out insurance at that time.  We submit that subtracting this amount leaves Ms. Muhammad with a final, overall post-petition arrearage of $15,780.77.

Ms. Muhammad would be agreeable to putting this amount into her chapter 13 to be paid over the remainder of her chapter 13 plan.

Since this matter is scheduled for Wednesday, August 22, 2007, at 8:30 a.m., please let me hear from you immediately.


Sincerely,


PHILLIP M. LESLIE, P. C.


BY:   /S/ PHILLIP M. LESLIE
PHILLIP M. LESLIE

PML/mgc
Enclosures
pc:   Ms. Bernice Muhammad (w/o enclosures)



Statement Date  09/16/02

**EXHIBIT "A"**

# OPTION ONE
### MORTGAGE

000101/RE-NL

BERNICE MUHAMMAD
255 CHEROKEE
MOBILE  AL  36606

**Itemize Below and Retain For Your Records**

| | |
|---|---|
| Payment Due Date.................................... | 09/01/02 |
| Current Payment..............................$ | 771.75 |
| Past Due Payment(s)..........................$ | .00 |
| Unpaid Late Charges...........................$ | .00 |
| Other Charges...................................$ | .00 |
| Total Amount Due................................$ | 771.75 |
| After 09/16/02 Add Late Charge Of..$ | 46.31 |
| Total Payment After 09/16/02 ........$ | 818.06 |
| Additional Principal............................$ | |
| Future Mortgage Payments...................$ | |
| Total Remitted.....................................$ | |
| Check Number...................................... | |

### Account Information

| Item Description | Amount |
|---|---|
| **Balances** | |
| Principal Balance...........................$ | 96,000.00 |
| Escrow Balance..............................$ | .00 |
| Unpaid Late Charges......................$ | .00 |
| **Payment Factors** | |
| Int Rate - First Mtg....................... | 8.990% |
| Principal & Interest.......................$ | 771.75 |
| Escrow Payment............................$ | .00 |
| Optional Products..........................$ | .00 |
| Other............................................$ | .00 |
| Total Payment................................$ | 771.75 |
| **Year To Date** | |
| Interest.........................................$ | 119.85- |
| Taxes............................................$ | .00 |

Loan Number................................6711675
Primary Social Security Number..................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
Secondary Social Security Number............
Property Address...........................................255 CHEROKEE STREET
..................................................................MOBILE  AL  36606
Home Phone.................................................251-476-1787
Work Phone..................................................251-476-1787

## Activity Since Last Statement

| Date | Description | Principal | Interest | Escrow | Misc. | Late/Other Charges | Total |
|---|---|---|---|---|---|---|---|
| 08/07 | NEW LOAN SET UP | $96,000.00- | | | | | |
| 08/07 | PREDIST PMT | | $119.85- | | | | $119.85- |

Payments received after the statement date may not appear on this statement.

To allow for better security and privacy on your account, beginning July 1, 2002, Option One Mortgage customers who choose to access their loan information via the telephone or the website (www.optiononeonline.com) will be required to register their own customized PIN.

**EXHIBIT "B"**

```
BNKH 0006711675   _____ MMYY BANKRUPTCY HIST  CH 13  INV    05/04/06 15:18:11
B  MUHAMM    DUE 11/01/04  PMT     771.75  TYPE CONV-PMI      ARM
255 CHEROKEE ST          MOBILE AL 36606
------------------------------------------------------------PRO FFB ----
```

| ACT | DATE | AMOUNT | DUE DATE | |
|-----|------|--------|----------|---|
| A | | | | |
| _ | 05/01/03 | | | PROC CHANGE TO TT7 |
| _ | 04/03/03 | | 27 | ACTIVE BK IN PROCESS |
| _ | 04/02/03 | | | PROC CHANGE TO KD3 |
| | 04/01/03 | 46.61 | | TO DEBTOR SUSPENSE |
| | 04/01/03 | 818.36 | 02/01/03 | 1 POST-PET PMTS/032803/000000000000165 |
| | 02/07/03 | .30 | | TO DEBTOR SUSPENSE |
| | 02/07/03 | 818.36 | 01/01/03 | 1 POST-PET PMTS/012703/000000000000156 |
| | 01/21/03 | 818.06 | 12/01/02 | 1 POST-PET PMTS/122902/000000000000146 |
| | 11/07/02 | 771.75 | 11/01/02 | 1 POST-PET PMTS/102902/000000000001014 |
| | 10/09/02 | 771.75 | 10/01/02 | 1 POST-PET PMTS/092902/000000000000123 |
| _ | 10/02/02 | | | BNK ADDED CHAP 13 PROC OV1 |

```
BNKH 0006711675    _____ MMYY BANKRUPTCY HIST  CH 13  INV      05/04/06 15:18:11
B  MUHAMM    DUE 11/01/04  PMT      771.75  TYPE CONV-PMI      ARM
255 CHEROKEE ST              MOBILE AL 36606
---------------------------* PF8 FOR MORE HIST *----------------PRO FFB ----
ACT    DATE      AMOUNT     DUE DATE
 A
      12/31/03      172.97  12/01/03  POST-PET RECEIPT
      12/18/03      771.95  11/01/03  1 POST-PET PMTS/112703/000000000000197
  _   12/03/03                        PROC CHANGE TO AH9
      11/12/03      771.95  10/01/03  1 POST-PET PMTS/102603/000000000000185
      10/24/03         .20            TO DEBTOR SUSPENSE
      10/24/03      771.95  09/01/03  1 POST-PET PMTS/092703/000000000000180
      09/04/03      818.36  08/01/03  1 POST-PET PMTS/072603/000000000000175
      09/04/03      818.36  08/01/03  1 POST-PET PMTS/072603/000000000000175
  _   08/14/03                        24  AGREED ORDER ENTERED
  _   07/16/03                        MOTION FOR RELIEF HEARING
  _   07/01/03                        PROC CHANGE TO AH4
  _   06/16/03                        25  REFERRED FOR MFR
  _   06/13/03                        MOTION FOR RELIEF FILED
  _   05/07/03                        MOTION FOR RELIEF REQUESTED
  _   05/02/03                        25  REFERRED FOR MFR
      05/02/03       46.91  03/01/03  0 POST-PETITION PMTS FROM SUSPENSE
```

```
BNKH 0006711675    _____ MMYY BANKRUPTCY HIST  CH 13   INV    05/04/06 15:18:11
B  MUHAMM     DUE 11/01/04  PMT      771.75  TYPE CONV-PMI      ARM
255 CHEROKEE ST              MOBILE AL 36606
-----------------------------* PF8 FOR MORE HIST *----------------PRO FFB ----
ACT    DATE      AMOUNT     DUE DATE
  A
     04/01/04     109.54-            PRE-PETITION DISTRIBUTION
     03/31/04     109.54   02/01/03  TO TRUSTEE SUSPE/031804/000000000005170
     03/11/04                        EFF DATE 03/05/04
     03/11/04     771.95   02/01/04  1 POST-PET PMTS/022704/000000000000216
     02/26/04     109.55            BANKRUPTCY COST
     02/26/04     109.55-            PRE-PETITION DISTRIBUTION
     02/25/04     109.55   01/01/03  TO TRUSTEE SUSPE/022404/000000000001432
     02/10/04                        EFF DATE 02/09/04PMTS FROM SUSPENSE
     02/10/04      56.50            TO DEBTOR SUSPENSE
     02/10/04    1600.00   12/01/03  2 POST-PET PMTS/020304/000000000007625
     02/02/04                        EFF DATE 01/26/04
     02/02/04     771.95   11/01/03  1 POST-PET PMTS/010604/000000000000207
     02/02/04                        PROC CHANGE TO TT7
     01/02/04             11/01/03 POST-PETITION DUE DT MOVE REVERSAL
     01/02/04     771.95- 12/01/03  1 POST-PETITION PMT REVERSAL FROM MSP
     12/31/03     172.97            TO DEBTOR SUSPENSE
```

```
BNKH 0006711675 _____ MMYY BANKRUPTCY HIST  CH 13  INV    05/04/06 15:18:11
B  MUHAMM   DUE 11/01/04  PMT      771.75  TYPE CONV-PMI    ARM
255 CHEROKEE ST           MOBILE AL 36606
----------------------------* PF8 FOR MORE HIST *----------------PRO FFB ----
ACT    DATE      AMOUNT    DUE DATE
A
_   07/06/04             05/01/04 POST-PETITION DUE DT MOVE REVERSAL        +
    07/06/04   771.95- 06/01/04  1 POST-PETITION PMT REVERSAL FROM MSP      +
    06/24/04   219.08             BANKRUPTCY COST
    06/24/04   219.08-            PRE-PETITION DISTRIBUTION
    06/23/04   219.08  04/01/03 TO TRUSTEE SUSPE/061704/000000000006177
    06/17/04                      EFF DATE 06/09/04032705/000000000001118
    06/17/04   771.95  05/01/04  1 POST-PET PMTS/052804/000000000000242
    06/16/04   229.87  05/01/04  0 POST-PETITION PMTS FROM SUSPENSE
    05/24/04      .20             TO DEBTOR SUSPENSE
    05/24/04   771.95  04/01/04  1 POST-PET PMTS/042704/000000000000233
    04/22/04   109.25             BANKRUPTCY COST
    04/22/04   109.25-            PRE-PETITION DISTRIBUTION
    04/21/04   109.25  03/01/03 TO TRUSTEE SUSPE/041504/000000000008748
    04/02/04                      EFF DATE 03/31/04 PROC TT7
    04/02/04   771.95  03/01/04  1 POST-PET PMTS/033104/000000000000221
    04/01/04   109.54             BANKRUPTCY COST
```

*[Handwritten notes:]*

First Payment in 04.

2 Payment for 11-03 · 12-03

All Payment due for 03-04

totaling #5459.60

Check #249
6-25-04
Return by
Option One.

7-12-04 Motion for Relief
from Stay Granted

```
BNKH 0006711675    ____ MMYY BANKRUPTCY HIST CH 13  INV    05/04/06 15:18:11
B  MUHAMM    DUE 11/01/04 PMT      771.75 TYPE CONV-PMI      ARM
255 CHEROKEE ST            MOBILE AL 36606
------------------------------* PF8 FOR MORE HIST *----------------PRO FFB ----
ACT    DATE      AMOUNT      DUE DATE
 A
 _    02/07/05                      PROC CHANGE TO VG5
      01/12/05                      EFF DATE 01/11/05E
      01/12/05         .20          TO DEBTOR SUSPENSE
      01/12/05      771.95 01/01/05 1 POST-PET PMTS/122604/000000000001152
      12/27/04         .20 01/01/05 0 POST-PETITION PMTS FROM SUSPENSE
      12/07/04                      EFF DATE 12/06/04032705/000000000001118
      12/07/04         .20          TO DEBTOR SUSPENSE
      12/07/04      771.95 12/01/04 1 POST-PET PMTS/112904/000000000001011
      11/22/04         .20 12/01/04 0 POST-PETITION PMTS FROM SUSPENSE
      11/10/04                      EFF DATE 11/09/04032605/000000000001111
      11/10/04         .20          TO DEBTOR SUSPENSE
      11/10/04      771.95 12/01/04 1 POST-PET PMTS/110404/000000000001006
 _    11/04/04                      27  ACTIVE BK IN PROCESS
 _    11/04/04                      BNK ADDED CHAP 13 PROC TT7
 _    07/12/04                      REMOVE -
 _    07/12/04                      01  07/12/04  MOTION FOR RELIEF GRANTED
```

```
BNKH 0006711675    _____ MMYY BANKRUPTCY HIST  CH 13  INV    05/04/06 15:18:11
B  MUHAMM    DUE 11/01/04 PMT      771.75  TYPE CONV-PMI      ARM
255 CHEROKEE ST           MOBILE AL 36608
---------------------------* PF8 FOR MORE HIST *----------------PRO FFB ----
ACT    DATE      AMOUNT     DUE DATE
A
      06/14/05                      EFF DATE 06/10/05B
      06/14/05        9.20          TO DEBTOR SUSPENSE
      06/14/05      780.95  06/01/05  1 POST-PET PMTS/053105/000000000001057
      05/12/05                      EFF DATE 05/11/05
      05/12/05        9.25          TO DEBTOR SUSPENSE
      05/12/05      781.00  05/01/05  1 POST-PET PMTS/032705/000000000001118
      05/06/05                      PROC CHANGE TO KWO
      04/11/05                      EFF DATE 04/07/05TER
      04/11/05       17.25          TO DEBTOR SUSPENSE
      04/11/05      789.00  04/01/05  1 POST-PET PMTS/032605/000000000001111
      03/08/05                      EFF DATE 03/04/05080305/000000000001126
      03/08/05        9.20          TO DEBTOR SUSPENSE
      03/08/05      780.95  03/01/05  1 POST-PET PMTS/022705/000000000001125
      02/07/05                      EFF DATE 02/04/05
      02/07/05        9.20          TO DEBTOR SUSPENSE
      02/07/05      780.95  02/01/05  1 POST-PET PMTS/012705/000000000001165
```

```
BNKH 0006711675    ____ MMYY BANKRUPTCY HIST  CH 13  INV     05/04/06 15:18:11
B  MUHAMM    DUE 11/01/04 PMT     771.75  TYPE CONV-PMI      ARM
255 CHEROKEE ST              MOBILE AL 36606
----------------------------* PF8 FOR MORE HIST *----------------PRO FFB ----
ACT   DATE      AMOUNT    DUE DATE
 A
  __  03/25/06                      PROC CHANGE TO FFB
  __  03/24/06                      PROC CHANGE TO FFC
  __  03/08/06                      PROC CHANGE TO CS3
      02/23/06                      EFF DATE 02/22/06
      02/23/06      172.31          TO DEBTOR SUSPENSE
      02/23/06      944.06  09/01/05  1 POST-PET PMTS/021606/000000000682661
  __  02/08/06                      PROC CHANGE TO AD6
  __  09/01/05                      40  NATURAL DISASTER
      08/31/05                      EFF DATE 08/30/05
      08/31/05        9.25          TO DEBTOR SUSPENSE
      08/31/05      781.00  08/01/05  1 POST-PET PMTS/080305/000000000001126
      08/25/05       63.50  08/01/05  0 POST-PETITION PMTS FROM SUSPENSE
  __  08/15/05                      PROC CHANGE TO CS3
      08/01/05                      EFF DATE 07/29/05
      08/01/05        9.20          TO DEBTOR SUSPENSE
      08/01/05      780.95  07/01/05  1 POST-PET PMTS/072905/000000000001085
```

Post Petition Payment History for:

BERNICE MUHAMMAD
BK Case No. 04-16354

OOMC Loan No. 0006711675

BK filing date 11/2/2004    Pmt Due: 1/1/2006    Suspense Balance: $ 312.69

| Date | Amt Rec'd | Amt Applied | Applied To | Unused | Suspense | Notes |
|---|---|---|---|---|---|---|
| 12/07/04 | $ 771.95 | $ 771.95 | 12/01/04 | $ - | $ - | |
| 01/12/05 | $ 771.95 | $ 771.95 | 01/01/05 | $ - | $ - | |
| 02/07/05 | $ 780.95 | $ 771.95 | 02/01/05 | $ 9.00 | $ 9.00 | |
| 03/08/05 | $ 780.95 | $ 780.71 | 03/01/05 | $ 0.24 | $ 9.24 | |
| 04/11/05 | $ 789.00 | $ 780.71 | 04/01/05 | $ 8.29 | $ 17.53 | |
| 05/12/05 | $ 781.00 | $ 780.71 | 05/01/05 | $ 0.29 | $ 17.82 | |
| 06/14/05 | $ 780.95 | $ 780.71 | 06/01/05 | $ 0.24 | $ 18.06 | |
| 08/01/05 | $ 780.95 | $ 780.71 | 07/01/05 | $ 0.24 | $ 18.30 | |
| 08/31/05 | $ 781.00 | $ 780.71 | 08/01/05 | $ 0.29 | $ 18.59 | |
| 02/23/06 | $ 944.06 | $ 839.09 | 09/01/05 | $ 104.97 | $ 123.56 | |
| 06/21/06 | $ 188.50 | $ - | Suspense | $ 188.50 | $ 312.06 | |
| 02/08/07 | $ 818.95 | $ 839.09 | 10/01/05 | $ (20.14) | $ 291.92 | |
| 03/20/07 | $ 818.95 | $ 839.09 | 11/01/05 | $ (20.14) | $ 271.78 | |
| 05/23/07 | $ 880.00 | $ 839.09 | 12/01/05 | $ 40.91 | $ 312.69 | |
| | | | | $ - | $ 312.69 | |

Created 02/08/2007
Updated 7/20/07

EXHIBIT "D"



BERNICE B MUHAMMAD   11-04
266 CHEROKEE STREET
MOBILE, AL 36606

1305

$ 818.95

June 20, 2007

Option one Mortgage

Eight Hundred and Eighteen         95

Compass Bank
Mobile, Alabama

Payment of 671105

For added security, the
account number no longer
appears on this copy.

THIS PAYMENT   818  95

NOT NEGOTIABLE

1305



BERNICE B MUHAMMAD   11-04
266 CHEROKEE STREET
MOBILE, AL 36606

1316

$ 818.95

July 29, 07

Option one Mortgage

Compass Bank
Mobile, Alabama

6711675

For added security, the
account number no longer
appears on this copy.

THIS PAYMENT   818  95

NOT NEGOTIABLE

1316

| 02-16-2006 | 0001 | OPTION ONE MORTGAGE CORPORATIO | 0682661 | AMOUNTS DISBURSED TO | $944.06 |
| 05-15-2006 | 0001 | OPTION ONE MORTGAGE CORPORATIO | 0695044 | AMOUNTS DISBURSED TO | $44.88 |
| 06-15-2006 | 0001 | OPTION ONE MORTGAGE CORPORATIO | 0699025 | AMOUNTS DISBURSED TO | $188.50 |
| 07-14-2006 | 0001 | OPTION ONE MORTGAGE CORPORATIO | 0703003 | AMOUNTS DISBURSED TO | $187.50 |
| 03-15-2007 | 0001 | OPTION ONE MORTGAGE CORPORATIO | 0736694 | AMOUNTS DISBURSED TO | $1,106.68 |
| 05-17-2007 | 0001 | OPTION ONE MORTGAGE CORPORATIO | 0745301 | AMOUNTS DISBURSED TO | $608.38 |
| 06-21-2007 | 0001 | OPTION ONE MORTGAGE CORPORATIO | 0749514 | AMOUNTS DISBURSED TO | $140.00 |
| 07-19-2007 | 0001 | OPTION ONE MORTGAGE CORPORATIO | 0753690 | AMOUNTS DISBURSED TO | $21.13 |

# EXHIBIT J

Process Management Note Print Preview

Page 1 of 1



Print this page

**Process Management Notes :: Loan # 8006711675**
Printed: 11/13/2007 10:22:40 AM, Katherine Blackwell
View: Single Note

1.

Written By: Christina Velasco, Fidelity
Date: 11/9/2007 8:57:00 AM
Type: Issue
Process: BK_Payoff
Borrower: MUHAMMAD
Note:
System updated for the following event: User has ended the Issue associated with this loan. Issue Type: BK Post Petition Status. Comments: Loan is post due for 01/01/06 through 08/01/06 iao $839.09 each;09/01/06 through 02/01/07 iao $967.00 each;03/01/07 through 08/01/07 iao $949.84 each; 09/01/07 through 11/01/07 iao $958.34 each . Late charges of $50.35 each. Debtor suspense of $572.71. No future payment changes listed. Thanks.

1/06 - 8/06 - 839.09 =    8 X 839.09 - 6,712.72
9/06 - 2/1/07 967.00 =    6 X 967.00 - 5,802.00
3/07 - 8/07 949.84 =      6 X 949.84 - 5,699.04
9/07 - 11/07 958.34 =     3 X 958.34 - 2,875.02

23 X 56.35 (Late fee)

                    21,088.78
                     1,158.05 Late fees
                    22,246.83
                  -  572.71 - Suspense
                    21,674.12
                       800.00
                    22,474.12

Scott,
I have added
+ this is what I
got.

P.01

DEC-21-2007 05:17 AM



 Print this page

**Borrower Information:**
BERNICE MUHAMMAD
255 CHEROKEE ST
MOBILE, Alabama 36606

**Intercom Message :: Client Ref # 0006711675 :: Vendor Ref # 0006711675**

| | |
|---|---|
| **From:** | Ockwig, James |
| **To:** | Blackwell, Katherine(at-shum) |
| **CC:** | |
| **Date:** | 11/19/2007 12:16:00 PM |
| **Subject:** | Issue Request |

| | |
|---|---|
| **Type:** | Stop/Hold Action |
| **Message:** | |

Your Issue for this file has been closed for the following reason: The payment amount from 10/05 thru 01/06 is $839.09, consisting of P&I only. Thank you.

# EXHIBIT K

# JOHNSON & FREEDMAN, LLC

ATTORNEYS AND COUNSELORS AT LAW
1587 NORTHEAST EXPRESSWAY,
ATLANTA, GA 30329
(770) 234-9181
FAX (770) 234-9192

December 30, 2009

Bernice Muhammad, a single woman
255 Cherokee Street
Mobile, AL 36606

0302927AL  02/10 KML

| RE: | File No. | 226.0302927AL/KML |
|-----|----------|-------------------|
|     | Lender's Loan No.: | 0006711675 |
|     | Name Per Client: | **Bernice Muhammad** |
|     | Unpaid Principal Balance: | **$ 94,433.93** |
|     | Property Address: | **255 Cherokee Street** |
|     |          | **Mobile, AL  36606** |

Dear Sir and/or Madam:

### NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692.

This law firm represents American Home Mortgage Servicing, Inc., the creditor on the above-referenced loan. This letter is to advise you that we have been retained to collect the loan secured by the above-referenced property, which may involve foreclosure proceedings against said property. *The total amount of the debt owed to the creditor consists of the above-referenced unpaid principal balance, any unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges. You must contact LaQuenia Trezevant (ext. 1279) at our offices to find out the total current amount needed to either bring your loan current or to pay off your loan in full.  We can also provide you with information as to alternatives to avoid foreclosure.*

Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid.  If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you.  If the creditor named in this letter is not the original creditor, and you make a written request to this law firm within thirty (30) days from receipt of this notice, then the name and address of the original creditor will be mailed to you by this law firm. We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client.  If you have received a discharge in a Chapter 7 bankruptcy, please be advised that these notices are required for foreclosures in this state.

If you are currently or have within the last nine (9) months been in the military service AND joined after signing the Security Deed now in foreclosure, please notify this office immediately.  You may be entitled to relief under the Servicemembers Civil Relief Act.  When contacting this office as to your military service, you must provide us with positive proof as to your military status.  If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.

This letter is an attempt to collect a debt and any information obtained by virtue of it will be used for that purpose.  For further information about this matter you may contact this office at the number above.

**BE GOVERNED ACCORDINGLY.**

Sincerely,
**JOHNSON & FREEDMAN, LLC**

Keisha Lavallais
Legal Assistant

# JOHNSON & FREEDMAN, LLC

ATTORNEYS AND COUNSELORS AT LAW
1587 NORTHEAST EXPRESSWAY,
ATLANTA, GA  30329
(770) 234-9181
FAX (770) 234-9192

December 30, 2009

Bernice Muhammad, a single woman
255 Cherokee Street
Mobile, AL  36606

RE:      Loan No.:              0006711675
         Our File No.           226.0302927AL/KML

## Important Notice Regarding
## <u>Alternatives to Foreclosure</u>

**YOU ARE HEREBY NOTIFIED THAT THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, THOUGH IT IS *NOT* AN ATTEMPT TO COLLECT MONEY FROM ANYONE WHOSE DEBT HAS BEEN DISCHARGED PURSUANT TO (OR WHO IS UNDER THE PROTECTION OF) THE BANKRUPTCY LAWS OF THE UNITED STATES; IN SUCH INSTANCES, IT IS INTENDED SOLELY FOR INFORMATIONAL PURPOSES.**

Dear Borrower:

We are writing you to let you know that you may be eligible for certain programs that could be used to avoid a foreclosure sale and possibly bring your mortgage loan current as well.  You may have had an unexpected expense or a circumstance beyond your control that forced you to miss mortgage payments. If this is the case, American Home Mortgage Servicing Inc. would like to discuss your situation with you and determine which alternatives may be available to you. These possible alternatives are voluntary and include:

- **Repayment Plan:** You would resume your regular monthly payments plus a portion of the arrears each month over a designated time period until the arrears are paid.
- **Modification:** A loan modification is a written agreement between you and the lender that permanently changes the terms of the loan.

- **Deed In Lieu of Foreclosure:** With this alternative, you would transfer ownership of your home to the lender. You would be given a short period of time to move from your home.

- **Reinstatement of Your Loan:** You would pay the total amount past due in one lump sum.

- **Sell Your Property:** This means that your property would be sold by you prior to the foreclosure sale. If the value of your home is less than the total amount you owe, American Home Mortgage Servicing Inc. *may* agree to accept an amount less than what is due to satisfy some or all of the debt.

If you would like to discuss these alternatives, please call **American Home Mortgage Servicing Inc.** today at 1-800-358-8563

C. **Show Assignment of ORIGINAL BLUE INK PAPERWORK by H&R Block to Option One Mortgage, which Authorizes American Home Mortgage Servicing, Inc. as Servicer and Creditor.**
D. **The ORIGINAL BLUE INK PAPERWORK by H&R Block Mortgage to Option One Mortgage, which Authorizes sell of the Debtor property, also the Assignment of Mortgage, to HSBC BANK USA, N.A. as Trustee for Merrill Lynch Mortgage Investors, Inc, Mortgage Loan Asset-Backed Certificates, Series 2002-HEI.**
E. **Show Notifications to the Debtor of all said actions ask for in said Verification by all Creditors.**
F. **Show Verification to this law firm, verification that Authorizes an in powers this law firm to proceed against said property in foreclosure.**

The Debtor is requesting said law firm to provide, not only verification of debt from all Creditor; also ORIGINAL BLUE INK paperwork, is also requested.

Also disputing debt named Creditor, until proof is provided to the Debtor.

---

The Attorneys and Creditor, are in violation of the FDCPA § 809 Validation of Debts 15 U.S.C. 1692g

---

This law firm is in violation, of the thirty-day period; this law firm must provide this consumer with said information stated and requested above. It has not been the thirty-day period as required by Federal and State law. This law from has placed ads in the Mobile Press Register January 14, 21, and 28. This law firm is in violation of the law, and Debtor will report and request to the United States Prosecutor to prosecute this law Firm for all and any violation of said law. This law firm has set a Foreclosure Sale February 4, 2010, WITHOUT, any proof to the Debtor to said debt. The Debtor is within her rights as to the thirty-day period for verification, and will ask for Prosecution of this Law Firm if said action continues. The failure of a consumer to dispute the validity of a debt under section may not be construed by court as an admission or liability by the consumer, so how is it this law firm can. This law firm state in its December 30, 2009, letter that, "We may

**The foreclosure action will continue until American Home Mortgage Servicing Inc. can determine if you are eligible for one of these alternatives and an agreement to utilize that alternative is signed and implemented.**

**Your decision to respond to this letter does not in any way affect your legal rights with respect to the acceleration of the loan or the foreclosure process, which may have already commenced.  Responding to this letter is not a valid reply to foreclosure documentation (such as a Notice of Default), and does not, in and of itself, affect the progress of the foreclosure process.  Responding to this letter will not affect your right to dispute the validity of the amount of mortgage debt.**

**WE STRONGLY RECOMMEND THAT YOU CONSULT AN ATTORNEY TO PRESERVE YOUR LEGAL RIGHTS AS WELL AS A TAX ADVISOR TO INFORM YOU REGARDING POTENTIAL TAX CONSEQUENCES.**

Sincerely,

American Home Mortgage Servicing Inc.

# JOHNSON & FREEDMAN, LLC

ATTORNEYS AND COUNSELORS AT LAW
1587 NORTHEAST EXPRESSWAY
ATLANTA, GA 30329
(770) 234-9181
FAX (770) 234-9192

**VIA CERTIFIED MAIL 7009168000082153011**
**RETURN RECEIPT REQUESTED**
**Copy Via Regular Mail**

January 11, 2010

Bernice Muhammad
255 Cherokee Street
Mobile, AL 36606

0302927AL 02/10 KML

---

Re:   **Notice of Acceleration and Foreclosure; Note and Security Deed from Bernice
      Muhammad, a single woman to Option One Mortgage Corporation, A California
      Corporation**

| | |
|---|---|
| **File No.** | **226.0302927AL** |
| **Lender's Loan No.:** | **0006711675** |
| **Name Per Client:** | **Bernice Muhammad** |
| **Property Address:** | **255 Cherokee Street** |
| | **Mobile, AL 366061237** |
| **Unpaid Principal Balance:** | **$ 94,433.93** |

Dear Sir/Madam:

This law firm represents HSBC Bank USA, National Association as Trustee for Merrill Lynch
Mortgage Investors, Inc. Mortgage Loan Asset-Backed Certificates, Series 2002-HE1, the creditor to whom
the above-referenced debt is owed.  This letter is to advise you that we have been retained to institute
foreclosure proceedings against the referenced property.  Enclosed you will find a copy of the Notice of
Mortgage Foreclosure Sale that was submitted for publication in the legal newspaper in the county where
the property is located.  The foreclosure sale is scheduled for February 4, 2010.

In some circumstances the creditor may allow you to cure the default on your loan and stop the
foreclosure.  You may contact this office to find out if reinstatement of your loan will be allowed, and if
allowed, what specific amount will be necessary to fully cure the default.  Please be advised that if you are
allowed to cure the default on your loan, payment must be made in the form of cash, cashier's check or
certified funds.

If you are currently or have within the last three (3) months been in the military service AND joined
after signing the Security Deed now in foreclosure, please notify this office immediately.  You may be
entitled to relief under the Servicemembers Civil Relief Act.  When contacting this office as to your

## NOTICE OF
## MORTGAGE FORECLOSURE SALE

ALABAMA, MOBILE COUNTY

Default having been made in the indebtedness secured by that certain mortgage executed by Bernice Muhammad, a single woman to Option One Mortgage Corporation, A California Corporation, dated July 30, 2002, said mortgage being recorded in Book 5201, Page 1385, in the Office of the Judge of Probate of Mobile County, Alabama. Said Mortgage was last sold, assigned and transferred to HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Asset-Backed Certificates, Series 2002-HE1.

The undersigned, HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Asset-Backed Certificates, Series 2002-HE1, under and by virtue of the power of sale contained in said mortgage, will sell at public outcry to the highest bidder for cash before the courthouse door of Mobile County, Alabama, during the legal hours of sale, on February 4, 2010, the following real estate, situated in Mobile County, Alabama, to-wit:

That lot of land described as beginning at a point on the East line of Cherokee Street, 250 feet Southwardly from the South line of Government Street, measured along the East line of Cherokee Street, thence Southwardly along the East line of Cherokee Street 50 feet to a point for a front, thence Eastwardly at right angles to Cherokee Street 145 feet 3 inches to a point, thence Northwardly and parallel with Cherokee Street 104 feet, more or less, to a point; thence Southwestwardly on a line parallel with Government Street to the point of beginning. Also, that lot of land described as commencing at a point on the East side of Cherokee Street 270 feet Northwardly from the Northeast corner of Cherokee Street and LaSalle Avenue, running thence Northwardly on the East side of Cherokee Street 14 feet 3 inches to the South line of the property herein above described; thence Eastwardly along said South line 145 feet 3 inches to a point; thence Southwardly 14 feet 3 inches, thence Westwardly 145 feet 3 inches to the place of beginning. All of said measurements being more or less. Being the North 14 feet, 3 inches of Lot 67, Lee Place, as per plat recorded in Deed Book 132, N.S., Page 344. Being the same property described in Real Property Book 3997, Pages 0423-0424 as recorded in the office of the Judge of Probate, Mobile County, Alabama.

Said property is commonly known as **255 Cherokee Street, Mobile, AL 366061237**

The indebtedness secured by said Mortgage has been and is hereby declared due because of default under the terms of said Mortgage and Note, including but not limited to the nonpayment of the indebtedness as and when due. The indebtedness remaining in default, this sale will be made for the purpose of paying the same, all expenses of the sale, including attorney's fees and all other payments provided for under the terms of the Mortgage and Note.

Said property will be sold subject to the following items which may affect the title to said property: all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; any outstanding taxes, including but not limited to ad valorem taxes, which constitute liens upon said property; special assessments; all outstanding bills for public utilities which constitute liens upon said property; all restrictive covenants, easements, rights-of-way; the statutory right of redemption pursuant to Alabama law; and any other matters of record superior to said Mortgage. To the best of the knowledge and belief of the undersigned, the party in possession of the property is Bernice Muhammad or tenant(s).

**HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS, INC. MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2002-HE1**
as holder of said mortgage

John Rudd
Johnson & Freedman, LLC
1587 Northeast Expressway
Atlanta, GA  30329
(770) 234-9181
MSP File No.226.0302927AL\m

Mobile Press Register
01/14, 01/21, 01/28/2010

THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.

# JOHNSON & FREEDMAN, LLC

ATTORNEYS AND COUNSELORS AT LAW
1587 NORTHEAST EXPRESSWAY
ATLANTA, GA 30329
(770) 234-9181
FAX (770) 234-9192

**VIA CERTIFIED MAIL 70091680000082153011**
**RETURN RECEIPT REQUESTED**
**Copy Via Regular Mail**

January 11, 2010

Bernice Muhammad
255 Cherokee Street
Mobile, AL 36606

0302927AL 02/10 KML

---

**Re:** **Notice of Acceleration and Foreclosure; Note and Security Deed from Bernice Muhammad, a single woman to Option One Mortgage Corporation, A California Corporation**

| | |
|---|---|
| **File No.** | **226.0302927AL** |
| **Lender's Loan No.:** | **0006711675** |
| **Name Per Client:** | **Bernice Muhammad** |
| **Property Address:** | **255 Cherokee Street** |
| | **Mobile, AL 366061237** |
| **Unpaid Principal Balance:** | **$ 94,433.93** |

Dear Sir/Madam:

This law firm represents HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Asset-Backed Certificates, Series 2002-HE1, the creditor to whom the above-referenced debt is owed. This letter is to advise you that we have been retained to institute foreclosure proceedings against the referenced property. Enclosed you will find a copy of the Notice of Mortgage Foreclosure Sale that was submitted for publication in the legal newspaper in the county where the property is located. The foreclosure sale is scheduled for February 4, 2010.

In some circumstances the creditor may allow you to cure the default on your loan and stop the foreclosure. You may contact this office to find out if reinstatement of your loan will be allowed, and if allowed, what specific amount will be necessary to fully cure the default. Please be advised that if you are allowed to cure the default on your loan, payment must be made in the form of cash, cashier's check or certified funds.

If you are currently or have within the last three (3) months been in the military service AND joined after signing the Security Deed now in foreclosure, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act. When contacting this office as to your

military service, you must provide us with positive proof as to your military status. If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.

This letter is an attempt to collect a debt and any information obtained by virtue of it will be used for that purpose. All communication about this foreclosure must now be made through this law firm. Your creditor will no longer accept any payments or communications from you. For further information about this matter you may contact this office.

**BE GOVERNED ACCORDINGLY.**

Sincerely,

**JOHNSON & FREEDMAN, LLC**

*Joel A. Freedman*

Joel A. Freedman, Esq.

/KML
Enclosures
cc:    American Home Mortgage Servicing, Inc.

**BERNICE MUHAMMAD**
225 CHEROKEE STREET
MOBILE, ALABAMA 36606
(251) 479-2238
(251) 680-6578 CELLL

January 22, 2010

JOHNSON & FREEDMAN, LLC
ATTORNEYS AT LAW
1587 NORTHEAST EXPRESSWAY
ATLANTA, GA 30329
(770) 234-9181
FAX (770) 234-9192

---

## VERIFICATION OF DEBT AND CREDITOR ON THE REFERENCED LOAN NO 0006711675- FILE NO. 226.0302927 AL/KML

---

This law firm is using Unfair Practices, in violation of Fair Debt Collection Practices Act 808 § 15 USC 1692f (6) (A). There is no present right to possession of the Debtor property as collateral through an enforceable security interest. The Creditor is not American Home Mortgage, Inc., is not the creditor on the above- referenced loan. This letter is to advise you that, foreclosure proceedings against said property would be in violations of Federal and State laws, under FDCPA 15 USC 1692.

The **Verification** of said Creditor would be:

A. **Show the sell ORIGINAL BLUE INK PAPERWORK to American Home Mortgage Servicing, Inc. by Option One Mortgage Corp.**
B. **Show the ORIGINAL BLUE INK PAPERWORK of Assignment of Interest to American Home Mortgage, by Option One Mortgage Corp.**

commence the foreclosure action without waiting thirty (30) days, if so requested by our client", the question is? WHO IS YOUR CLIENT? For all of this action is in violation of [15 U.S.C. 1692g] (a), (1) ,(2), (3), (4), (5), (b), (c), FDCPA § 810. [15 U.S.C. 1692h], FDCPA § 812, [15 U.S.C. 1692J], FDCPA § 813 [15 U.S.C. 1692K], if any of said laws are violated, Civil an Criminal actions, will be enforced by Debtor. This letter from the Crawford Law Firm LLC in Mobile, Alabama, dated January 14, 2010, will show the letter was mail on January 13, 2010, and the law firm had to see the Public records listing on or before January 10, 11, or 12, 2010. See Exhibit "A". This law firm is in violation of Federal law under the FDCPA, for the letter from your law firm, show a date of January 11, 2010, also a Certified Mail to Debtor Home after January 14, 2010. See Exhibit "B" will show that **JOHNSON & FREEDMAN, LLC, and Keisha Lavallais Legal Assistant,** did send **False & Misleading Representation,** in which violate FDCPA § 807 [15 U.S.C. 1692e].

 This letter will serve as a written REQUEST for Verification of Debt, Verification of Creditors 'documentation in which is requested also by the Debtor.

Sincerely,
BERNICE MUHAMMAD

# EXHIBIT

## " A "

# JOHNSON & FREEDMAN, LLC

ATTORNEYS AND COUNSELORS AT LAW
1587 NORTHEAST EXPRESSWAY,
ATLANTA, GA 30329
(770) 234-9181
FAX (770) 234-9192

December 30, 2009

Bernice Muhammad, a single woman
255 Cherokee Street
Mobile, AL 36606

0302927AL 02/10 KML

| RE: | | |
|---|---|---|
| | File No. | 226.0302927AL/KML |
| | Lender's Loan No.: | 0006711675 |
| | Name Per Client: | Bernice Muhammad |
| | Unpaid Principal Balance: | $ 94,433.93 |
| | Property Address: | 255 Cherokee Street |
| | | Mobile, AL 36606 |

Dear Sir and/or Madam:

### NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692.

This law firm represents American Home Mortgage Servicing, Inc., the creditor on the above-referenced loan. This letter is to advise you that we have been retained to collect the loan secured by the above-referenced property, which may involve foreclosure proceedings against said property. *The total amount of the debt owed to the creditor consists of the above-referenced unpaid principal balance, any unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges. You must contact LaQuenia Trezevant (ext. 1279) at our offices to find out the total current amount needed to either bring your loan current or to pay off your loan in full. We can also provide you with information as to alternatives to avoid foreclosure.*

Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you. If the creditor named in this letter is not the original creditor, and you make a written request to this law firm within thirty (30) days from receipt of this notice, then the name and address of the original creditor will be mailed to you by this law firm. We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client. If you have received a discharge in a Chapter 7 bankruptcy, please be advised that these notices are required for foreclosures in this state.

If you are currently or have within the last nine (9) months been in the military service AND joined after signing the Security Deed now in foreclosure, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act. When contacting this office as to your military service, you must provide us with positive proof as to your military status. If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.

This letter is an attempt to collect a debt and any information obtained by virtue of it will be used for that purpose. For further information about this matter you may contact this office at the number above.

**BE GOVERNED ACCORDINGLY.**

Sincerely,
**JOHNSON & FREEDMAN, LLC**

Keisha Lavallais
Legal Assistant



**CRAWFORD**
LAW FIRM LLC

4308 Midmost Drive Ste B
Mobile, AL 36609

January 14, 2010

Bernice Muhammad
255 Cherokee St
Mobile, AL 36606

Dear Bernice Muhammad:

**If you have already hired or retained a lawyer in connection with the Foreclosure action filed against you, please disregard this letter.**

Public records indicate that your mortgage company has filed a notice of Foreclosure on your property with a sale date of 2/4/10. If you are currently experiencing financial difficulties, Chapter 7 or Chapter 13 bankruptcy may be an alternative available to you. If you wish to meet with an experienced attorney to discuss your options with regard to the above information, contact me to schedule a **free consultation.**

The decision to file for bankruptcy is a serious choice.   It is a remedy that may affect your credit and may affect your ability to use the bankruptcy code at a future time. Be sure to discuss the advantages and disadvantages of bankruptcy with any professional whom you are considering to represent you.

Sincerely,

*Linda J. Marston-Crawford*

251-342-4093
251-281-2588 Fax

"No representation is made that the quality of the legal services to be performed is greater than the quality of legal services performed by other lawyers."

# EXHIBIT

## "B"

# JOHNSON & FREEDMAN, LLC

ATTORNEYS AND COUNSELORS AT LAW
1587 NORTHEAST EXPRESSWAY
ATLANTA, GA 30329
(770) 234-9181
FAX (770) 234-9192

**VIA CERTIFIED MAIL 70091680000082153011**
**RETURN RECEIPT REQUESTED**
**Copy Via Regular Mail**

January 11, 2010

Bernice Muhammad
255 Cherokee Street
Mobile, AL 36606

0302927AL 02/10 KML

---

Re:   **Notice of Acceleration and Foreclosure; Note and Security Deed from Bernice Muhammad, a single woman to Option One Mortgage Corporation, A California Corporation**

|  |  |
|---|---|
| **File No.** | **226.0302927AL** |
| **Lender's Loan No.:** | **0006711675** |
| **Name Per Client:** | **Bernice Muhammad** |
| **Property Address:** | **255 Cherokee Street** |
| | **Mobile, AL  366061237** |
| **Unpaid Principal Balance:** | **$ 94,433.93** |

Dear Sir/Madam:

This law firm represents HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Asset-Backed Certificates, Series 2002-HE1, the creditor to whom the above-referenced debt is owed.  This letter is to advise you that we have been retained to institute foreclosure proceedings against the referenced property.  Enclosed you will find a copy of the Notice of Mortgage Foreclosure Sale that was submitted for publication in the legal newspaper in the county where the property is located.  The foreclosure sale is scheduled for February 4, 2010.

In some circumstances the creditor may allow you to cure the default on your loan and stop the foreclosure.  You may contact this office to find out if reinstatement of your loan will be allowed, and if allowed, what specific amount will be necessary to fully cure the default.  Please be advised that if you are allowed to cure the default on your loan, payment must be made in the form of cash, cashier's check or certified funds.

If you are currently or have within the last three (3) months been in the military service AND joined after signing the Security Deed now in foreclosure, please notify this office immediately.  You may be entitled to relief under the Servicemembers Civil Relief Act.  When contacting this office as to your

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing

**Verification of the debt written Request,** to Johnson & Freedman, LLC Attorneys for

the Creditor, and placing a copy of the same in the United States Mail, and Fax properly

addressed and first-class postage prepaid on this 21, day of January 2010.


PRINCE, McKEAN, McKENNA, AND BROUGHTON
      P.O. BOX 2866
      MOBILE, AL 36652


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
      CLERK
     113 ST. JOSEPH STREET
     MOBILE, ALABAMA 36602
     DISTRICT COURT CASE NO.
       09:-00053 CV-KD-N


BERNICE MUHAMMAD

**EXHIBIT L**



P.O. Box 631730
Irving, TX 75063-1730

February 05, 2009


000107/CS030/647

Bernice Muhammad
255 Cherokee St
Mobile AL 36606-1237




Re: American Home Mortgage Servicing, Inc. (AHMSI) 0006711675


Dear Bernice Muhammad :

Your letter dated 01/28/09 has been received in our office.  Thank you
for taking the time to put your concerns in writing.

We are currently in the process of researching your concerns and/or
request.  A response will be issued when our research is complete.
Generally, responses are issued within 15-20 business days; however,
please allow up to 60 days.  We appreciate your patience in this
matter, as it is important to us that we respond to your concerns
completely and accurately.

AHMSI is dedicated to providing superior customer service to all of
our customers.  Should you have any further questions, please contact
Customer Care Department at 877-304-3100.


Sincerely,

Loan Administration - Research
AMERICAN HOME MORTGAGE SERVICING, INC.

CS030 037 BE3

**EXHIBIT M**

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF ALABAMA

In re:

BERNICE MUHAMMAD                          Case No. 04-16354-WSS-13

     Debtor.

### ORDER

     This matter is before the Court on the motion of the Chapter 13 Trustee to dismiss this case for failure to make plan payments.  Appearances were noted in the record and the Court having heard the arguments of the parties, it is

     ORDERED that the Debtor's Chapter 13 case is DISMISSED and the Debtor is enjoined from filing another case under the provisions of the Bankruptcy Code for a period of 120 days from the date of this order.

Dated:    December 29, 2008

 

 

                                     *William S. Shulman*
                                  WILLIAM S. SHULMAN
                                  CHIEF U.S. BANKRUPTCY JUDGE

```
              MOBILE MAIN PO
              MOBILE, Alabama
                366019998
              0107830362 -0097
01/28/2010    (251)694-5951    04:24:31 PM
```

```
              Sales Receipt
Product          Sale  Unit       Final
Description      Qty   Price       Price

ATLANTA GA 30329 Zone-3           $5.35
Priority Mail
1 lb.  2.00 oz.
  Return Rcpt (Green Card)        $2.30
  Certified                       $2.80
  Label #:    7009225000037124420 8
                                ========
  Issue PVI:                     $10.45

Dom. Money Order 17894026642     $350.00
Domestic Money Order Fee           $1.10
                 Subtotal:       $351.10

Total:                           $361.55

Paid by:                         $361.55
Debit Card
  Account #:      XXXXXXXXXXXXX1218
  Approval #:     024978
  Transaction #:  260
  23 902790658
  Receipt#:       001381

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000301390067
Clerk: 03

   All sales final on stamps and postage
     Refunds for guaranteed services only
        Thank you for your business
********************************************
********************************************
        HELP US SERVE YOU BETTER

   Go to: https://postalexperience.com/Pos

      TELL US ABOUT YOUR RECENT
           POSTAL EXPERIENCE

         YOUR OPINION COUNTS
********************************************
********************************************


           Customer Copy
```

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $5.35 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $10.45 |

Postmark Here

Sent To _Johnson & Freedman L.C._
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006        See Reverse for Instructions

7009 2250 0003 7124 4208



BERNICE MUHAMMAD

255 CHEROKEE STREET
MOBILE, ALABAMA 36606

Phone (251) 680-6578
Fax Number (251) 476-1288

Email  SUDAMOBILE@ AOL.COM

FAX TRANSMITTAL FORM

| To: Johnson &  Freedman Attorney At Law | From: Bernice Muhammad |
|---|---|
| Name: | Date Sent: 1-29-2010 |
| CC: | |
| Phone: | Number of Pages: 5 |
| Fax: 770-234-9192 | |

Message: EXHIBIT H, THIS IS THE BACK OF SAID EXHIBIT H, IN WHICH IS THE
ORDER OF FEB.12, 2007, ALSO  EXHIBIT K, A CORRECTION ON HSBC
BANK NAME, BEFORE FILEING TO THE FEDERAL COURT ON 1-29-2010.

Ms. Muhammad