IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BERNICE MUHAMMAD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0054-WS-B |
| | ) |
| **HSBC BANK USA, etc.,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for temporary restraining order ("TRO"), embedded in her complaint. (Doc. 1). The Court this date conducted a hearing on the motion, at which the plaintiff and counsel for the defendant presented argument. The only exhibit introduced at the hearing was an assignment of mortgage, submitted by the defendant. However, the Court also has reviewed the exhibits attached to the complaint. The motion for TRO is now ripe for resolution.

"To be entitled to a TRO, a movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). The parties have not discussed these factors or even acknowledged their existence. However, the Court assumes for present purposes that foreclosure on the plaintiff's residence would cause her irreparable harm, that the harm to her by foreclosure outweighs the harm to the defendant of postponing foreclosure pending resolution of this lawsuit, and that the public interest would not be harmed by issuing a TRO. *See Mesa Air Group, Inc. v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1128 (11th Cir. 2009) (fourth factor is satisfied if "the public interest would not be harmed"). The Court therefore focuses on the likelihood of the plaintiff ultimately succeeding on her complaint.

The complaint alleges that the defendant cannot properly foreclose unless it is the holder of the mortgage, and it asserts that the defendant has "no evidence of a proper assignment of the mortgage prior to foreclosure." (Doc. 1, ¶¶ 13-16).  At the hearing, the plaintiff stressed the defendant's failure to make this showing.

The plaintiff misconceives the burden of proof.  As the plaintiff, she must ultimately prove the defendant is not the holder of the mortgage, and as the party moving for a TRO, she must present evidence demonstrating a substantial likelihood that she will be able to prove the defendant is not the holder of the mortgage.  The plaintiff identified no evidence with which to meet her burden, and her demand that the defendant produce evidence to prove its ownership of the mortgage is an improper attempt to shift the burden of proof away from herself.

The plaintiff's failure to identify evidence that the defendant does not own the mortgage would alone require the conclusion that she has failed to show a substantial likelihood of prevailing on the merits of her claim.  But there is more.  At the hearing, the defendant introduced into evidence an assignment of mortgage from Option One Mortgage Corporation ("Option One") (whom the plaintiff acknowledges was her mortgagee) to the defendant.  The assignment identifies the mortgagor as the plaintiff, and it describes the mortgage being assigned as being recorded in precisely the book, on precisely the page, that the plaintiff's mortgage is in fact recorded.  There is no question but that defendant's Exhibit 1 is an assignment of the plaintiff's mortgage to the defendant.

Exhibit 1 establishes that the defendant is in fact the owner of the mortgage. While it would be open to the plaintiff to demonstrate that the assignment is a forgery or is otherwise something other than what it facially purports to be, she did not do so.

Instead, after reviewing the exhibit at the hearing, she changed arguments entirely, asserting: (1) that the assignment violated the automatic stay; (2) that the defendant never entered a separate agreement directly with her; (3) that the defendant failed to prove that

Option One's parent gave Option One permission to assign the mortgage; (4) that the defendant failed to prove that the defendant (a trustee) reached an agreement with its beneficiary to foreclose; and (5) that she was never notified of a change in mortgagee. Because these grounds are not set forth in her complaint, they exceed its scope and cannot properly be presented on motion for TRO.

At any rate, the plaintiff has not supported any of them. The automatic stay operates only as to proceedings against the debtor; it does not limit a creditor's right to sell or otherwise transfer the debtor's debt to another. The plaintiff offered no evidence that either law or any contract precluded assignment of her mortgage absent her agreement. While it may be theoretically possible that Option One acted without authority from its parent or that the defendant acted without authority from its beneficiary, the plaintiff offered no evidence to demonstrate a substantial likelihood that she can prove that either acted without such authority. Finally, the plaintiff admitted that she received the assignment of mortgage no later than when the defendant filed it as an exhibit to its motion to dismiss in *Muhammad v. HSBC Bank*, Civil Action No. 09-53.[1] Even had she not, she provided no authority for the proposition that the assignee of a mortgage cannot foreclose unless the mortgagor has been given notice of the change in mortgagee. In short, none of the plaintiff's untimely arguments demonstrates that she is substantially likely to prevail on the merits of her complaint.

Because the plaintiff has not shown a substantial likelihood of ultimately succeeding on the merits, her motion for TRO is **denied**.

DONE and ORDERED this 3rd day of February, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The record reflects that the assignment of mortgage was filed therein in May 2009.