**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BERNICE MUHAMMAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 10-0054-CG-B** |
| | ) | |
| **HSBC BANK, USA, NA et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

This matter is before the court on plaintiff's motion for reconsideration of this court's order of February 3, 2010 (Doc. 3), pursuant to Rule 60(b)(2), (3) and (6). (Doc. 7).  The court finds that plaintiff has not met her burden of demonstrating that reconsideration under Rule 60(b) is appropriate.  Therefore, plaintiff's motion is due to be denied.

**I. BACKGROUND**

This case involves a dispute over foreclosure of a mortgage plaintiff entered into in July 2002 with Option One Mortgage Corporation. (Doc. 1, ¶ 2).  Plaintiff's pro se complaint asserts that for foreclosure to be proper, the foreclosing entity must be the "the holder of the note," "must show standing," and must "show ownership of debt and mortgage." (Doc. 1, ¶¶ 13, 15, 16).  Plaintiff asserts that defendants "have no evidence of a proper assignment of the mortgage prior to foreclosure." (Doc. 1, ¶16).

The order of February 3, 2010, which plaintiff seeks to have reconsidered, denied plaintiff's motion for a temporary restraining order ("TRO"), finding that plaintiff failed to show

1

a substantial likelihood of ultimately succeeding on the merits. (Doc. 3, p. 3).  The court

explained that it was plaintiff's ultimate burden to prove that the defendant is not the holder of

the mortgage.  The court found that plaintiff had failed "to identify evidence that the defendant

does not own the mortgage" and that defendant (although it was not defendant's burden) had

introduced evidence demonstrating that the mortgage had, in fact, been assigned from Option

One Mortgage Corporation to the defendant. (Doc. 3, p. 2).  The court, therefore, denied

plaintiff's motion for a TRO.


## II. DISCUSSION

Plaintiff's current motion seeks reconsideration of the denial of her TRO, pursuant to

Rule 60(b).  Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from

a final judgement or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Plaintiff lists subsections (2), (3), and (6) as the provisions under which she is seeking

reconsideration.  Plaintiff also appears to assert that the court erred, which could potentially fall

under subsection (1).

### A. Rule 60(b)(1)

Rule 60(b)(1)  permits a court to relieve a party from a final judgment, order or proceeding for "mistake, inadvertence, surprise, or excusable neglect."  Plaintiff complains that at the hearing on this matter, the court did not ask for "evidence of Securitized ownership in interest in the Mortgage and Note or under what authority HSBC has to represent the interests of Securitized." (Doc. 7, pp. 2-3).  Rule 60(b)(1) can be used "to permit the district court to reconsider and correct its own errors, particularly if they are of an obvious nature amounting to little more than clerical errors." Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977).  "[S]ome courts have applied 60(b)(1) to theories of mistake of law when the motion was filed before the time to file a notice of appeal had expired." Wendy's Intern., Inc. v. Nu-Cape Const., Inc., 169 F.R.D. 680, 687 (M.D. Fla. 1996) (citing Morris v. Adams-Millis Corp., 758 F.2d 1352, 1358 (10th Cir. 1985)).  "However such relief is available only for obvious errors of law and limited to 'perfunctory correction.'" Id. (citing Alvestad v. Monsanto Co., 671 F.2d 908, 912-13 (5th Cir.), cert. denied, 459 U.S. 1070 (1982)); see also Nisson v. Lundy, 975 F.2d 802, 806 (11th Cir. 1992) ("where a district court's mistake was 'clear on the record' and involved a 'plain misconstruction  of the law..., compelling policies of basic fairness and equity reflected by 60(b)' may mandate amendment to 'conform its judgment to the law.'" (citations omitted)).   In this case, the court finds that there were no clerical errors or facially obvious errors of law in the order of February 3, 2010.  As the court explained in the order, it is plaintiff's burden to show that she has a substantial likelihood of success on the merits of her claim.  Plaintiff did not

3

present or refer to any evidence indicating that defendant was not the owner of the mortgage or did not have proper authority to foreclose.  The evidence indicated that the mortgage in question was properly assigned to the defendant.  The court finds no error in the order of February 3, 2010.  Plaintiff has not shown that the court erred in finding that plaintiff had not met her burden and has not demonstrated any other mistake, inadvertence, surprise, or excusable neglect.

### B. Rule 60(b)(2)

For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must demonstrate all of the following:

> (1) the evidence must be newly discovered since the [hearing]; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new [hearing] would probably produce a new result.

Waddell v. Hendry Co. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (citing Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000)).

Plaintiff contends that there is newly discovered evidence "of more Fraud, etc." (Doc. 7, p. 4).  Plaintiff appears to assert that the assignment was fraudulent because plaintiff did not receive proper notice of the assignment.  However, plaintiff's contention is not based on newly discovered evidence.  In fact, this contention was raised by plaintiff at the TRO hearing and was discussed in the order of February 3, 2010. (Doc. 3, p. 3) [1].  Plaintiff attempts to raise other issues of fraud, which will be discussed in more detail below, which also are not based on newly

---

[1] The court stated that plaintiff had admitted to receiving the assignment of mortgage in May 2009, attached to defendant's motion to dismiss in another action brought by plaintiff, Muhammad v. HSBC Bank, Civil Action No. 09-0053-KD-N.  Moreover, the court found that plaintiff "provided no authority for the proposition that the assignee of a mortgage cannot foreclose unless the mortgagor has been given notice of the change in mortgagee." (Doc. 3, p. 3).

discovered evidence.  Plaintiff submitted an appellate brief from a related case which is dated

after the hearing and about two weeks after the order on plaintiff's motion for TRO was entered

in this case.  However, the brief does not appear to contain any new evidence or somehow reveal

that defendant's statements in this case were fraudulent.

### C. Rule 60(b)(3)

"The clear and convincing standard governs cases where relief is sought pursuant to Rule

60(b)(3) for 'fraud, ... misrepresentation or other misconduct of an adverse party.'"  Booker v.

Dugger, 825 F.2d 281, 284 (11th Cir. 1987) (citations omitted).  Plaintiff contends that the

assignment was fraudulent and that defendant's statements regarding the assignment were false.

Plaintiff points to filings in another case she filed in this court in connection with defendant's

attempt to foreclose on her mortgage, Muhammad v. HSBC Bank, Civil Action No. 09-0053-

KD-N.  In Civil Action No. 09-0053-KD-N, plaintiff alleges that HSBC Bank USA violated the

Fair Debt Collection Practices Act.  This court dismissed that action and plaintiff has appealed

the dismissal.  In support of her current motion, plaintiff submitted HSBC Bank's appellate brief.

Plaintiff contends that the Certificate of Interested Persons and Corporate Disclosure Statement

contained in the appellate brief is fraudulent.  The Certificate lists the persons and entities which

may have an interest in the outcome of that case as follows:

> 1. Bernice Muhammad;
> 2. American Home Mortgage Servicing, Inc f/k/a Option One Mortgage
> Corporation.

(Doc. 7. p. 15).  The Certificate goes on to state the following:

> By prior filing in the lower courts, Option One Mortgage Corporation was
> substituted as the proper party in interest in lieu of HSBC, USA, NA.  American
> Home Mortgage Servicing, Inc., a Delaware Corporation, is a majority owned
> subsidiary of entities affiliated with WL Ross & Co. LLC, which in turn is a

wholly owned subsidiary of Invesco Private Capital, Inc., a wholly owned
subsidiary of Invesco PLC, which is a publicly owned corporation whose stock
trades under the symbol IVZ on the New York Stock Exchange.

(Doc. 7, p. 15).  Plaintiff states that "there is no records of this statements, in the records of this

District Court on February 3, 2010 or any other Federal Court." (Doc. 7, pp. 5-6).  Plaintiff states

that when the assignment was presented to the court on her TRO motion in this case:

> it is not sold to or by American Home Mortgage Servicing, Inc.; this assignment
> is dated October 4, 2004, in which do show a fraudulent conveyance of the
> Plaintiff property without first notice to the Plaintiff; The Tila amendments has a
> private right of action for violations of Section 131(f) of TILA (15 USC 1641 (f)),
> WHICH PROVIDES AS FOLLOWS: "Upon written request by the obligor, the
> Servicer shall provide the obligor, to the best knowledge of the Servicer, the
> name, address and telephone number of the owner of the obligation or the master
> Servicer of the obligation."  The Plaintiff has a right to know "who owns and
> hold" my mortgage, this is call, Truth in Ownership.
>
> This Court relied on a Fraudulent Conveyance, false statements to the Court,
> when the Defendants know the statements were false.

(Doc. 7, p. 6).  Plaintiff's argument is not clear, but she appears to be raising similar arguments

to those she made at her TRO hearing in this case - that the assignment is not valid because

plaintiff  did not receive notice of the assignment and that the assignment was a fraudulent

conveyance because the mortgage was transferred while plaintiff was in bankruptcy.  This court

addressed these arguments in the order of February 3, 2010, and found no merit to plaintiff's

arguments.  With regard to plaintiff's lack of notice, as this court discussed above, the court

finds no error in the February 3, 2010, order.  Plaintiff did receive notice in May 2009 and has

provided no authority for her proposition that the assignee of a mortgage must provide notice of

the assignment prior to instigating foreclosure proceedings.  As to the conveyance of the

mortgage while plaintiff was in bankruptcy, plaintiff has not shown why her bankruptcy would

prohibit the mortgagee from transferring its interest to another entity.  Although actions that

violate the automatic stay are void, <u>Borg-Warner Acceptance Corp. v. Hall</u>, 685 F.2d 1306, 1308 (11th Cir. 1982), the automatic stay does not prohibit the assignment.  If the mortgagee had attempted to collect on the debt or commence an action against plaintiff based on the debt, such actions would violate the automatic stay, but assigning the debt to a another creditor does not. <u>See</u> 11 U.S.C. § 362(a).[2]  The assignment is clearly not a "fraudulent transfer" which generally occurs when a <u>debtor</u> transfers or disposes of something of value with the intent to defraud her creditors. <u>See</u> AMJUR FRAUDUCONV § 9; <u>see also</u> ALA. CODE § 8-9A-4(a) ("A transfer by a

---

[2] Section 362(a) provides that the stay applies to:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor.").

Plaintiff also takes issue with the statement in the Certificate of Interested Persons and Corporate Disclosure Statement that certain parties were substituted "[b]y prior filing in the lower courts."  Plaintiff states that there were no such prior filings.  Even if plaintiff is correct, that fact would be irrelevant here.  Plaintiff has confused the action in which the Certificate of Interested Persons and Corporate Disclosure Statement was filed, Civil Action No. 09-0053-KD-N, with the current action.  Plaintiff has not shown that the accuracy of the Certificate's statement regarding the substitution of parties has any bearing on this case.

### D. Rule 60(b)(6)

Under Rule 60(b)(6), a court may grant relief for "any other reason justifying relief from the operation of judgment." "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001)(quoting Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)).  Even if a movant can persuade the court that the circumstances are sufficiently extraordinary to warrant relief, whether to grant the relief is "a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (quoting Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996)).  This court finds that plaintiff has not shown that exceptional circumstances warrant relief.  The court has analyzed plaintiff's contentions above and found no merit to plaintiff's arguments.

**III. CONCLUSION**

For the reasons stated above, plaintiff's motion for reconsideration of this court's order of February 3, 2010, pursuant to Rule 60(b) (Doc. 7) is **DENIED**.

**DONE** and **ORDERED** this 31st day of March, 2010.

      /s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE