IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BERNICE MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION 10-00054-CG-B |
| | ) | |
| HSBC BANK USA, NATIONAL | ) | |
| ASSOCIATION, *et al.*, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Motion to Dismiss (Doc. 13), which was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Defendants' motion, and the case file, the undersigned RECOMMENDS that Defendants' motion be GRANTED, in part, and that Plaintiff's Complaint be dismissed without prejudice.

**I.   Background**

On January 29, 2010, Plaintiff, proceeding pro se, filed the instant action which involves a dispute over foreclosure of a mortgage that Plaintiff entered into in July 2002 with Option One Mortgage Corporation. (Doc. 1, ¶ 2). Plaintiff essentially argues that Defendants have failed to establish that they received a proper assignment of the mortgage prior to foreclosure. Plaintiff requested a temporary restraining order ("TRO") or in the alternative, a preliminary injunction and a determination of the actual amount of the debt owed. Following a hearing, Plaintiff's request for a TRO was denied. (Doc. 3). In an Order dated March 16, 2010, Plaintiff was directed to file notice of service attempts

in compliance with L.R. 4.1(c)[1] because the record did not contain proof of service on the Defendants. (Doc. 5). Plaintiff was directed to file the notice by March 30, 2010, or to show cause by that date why she had not complied with the court's local rule. Plaintiff was cautioned that failure to respond would be deemed an abandonment of her claims, and the action would be dismissed without prejudice. (Id.)

In response to the Court's Order, Plaintiff filed a document entitled "Brief the Proof of Service to the Defendants". (Doc. 6). In the document, Plaintiff alleges that she mailed a copy of the TRO and Preliminary Injunction request to Defendants' attorneys, Johnson & Freedman, and that an attorney for Defendant HSBC appeared at the TRO hearing, but that no one appeared on behalf of Mortgage Investors, Inc., Mortgage Loan Asset-Backed Certificates, Series 202-AE1. Plaintiff also attached a U.S. Postal Service Certified Mail Receipt which reflects that certified mail was sent to Johnson & Freedman, Attorneys at law. (Doc. 6, page 5).

The record reflects that on March 22, 2010, Plaintiff caused four summonses to be issued by the Clerk as follows: HSBC Bank, USA, NA, c/o Johnson & Freedman LLC; Merrill Lynch Mortgage, c/o Johnson & Freedman LLC; Bank of America for Merrill Lynch

---

[1]L.R. 4.1 (c) provides:

(c) Notice of Service Attempt. If within forty-five (45) days after the filing of the Complaint, Plaintiff has not perfected service by summons or waiver of service, Plaintiff shall file with the court a notice describing the action taken by Plaintiff to effect service and the results thereof.

Mortgage, c/o Johnson & Freedman LLC; and Bank of America for Mortgage Loan Asset-Back Certificates, Series 202-AE1, c/o Johnson & Freedman LLC. (Doc. 8). On that same date, Plaintiff filed a Motion for Entry of Default and Default Judgment against Defendants Merrill Lynch Mortgage Loan & Investments, Inc., Mortgage Loan Asset-Backed Certificates, Series 2002-HEI (Doc. 9), and a document entitled "Brief the Proof of Service to the Defendants."[2] (Doc. 10) Attached to the brief was a postal return receipt which reflects that Johnson & Freedman received certified mail sent by Plaintiff on February 2. The record also reflects that Court entered an Order on March 30, 2010 denying Plaintiff's Motion for Entry of Default and Default Judgment because the Defendants had not been served pursuant to Rule 4. (Doc. 11).

Defendant filed the instant motion to dismiss Plaintiff's Complaint and argues that this action should be dismissed because service of process was improper, this Court lacks personal jurisdiction over the Defendants, and Plaintiff's Complaint for injunctive relief is moot. (Doc. 13). Although Plaintiff was directed to file a response to Defendant's Motion, she has failed to do so[3].

---

[2]According to Plaintiff, this brief corrected errors contained in the brief that she filed on March 19, 2010.

[3]Rather than filing a response as directed, Plaintiff filed a document requesting that all orders of the Magistrate Judge be deemed void because the Court lacks jurisdiction. (Doc. 19) Plaintiff's motion was denied by the District Judge as nonsensical. (Doc. 21).

## II. Legal Analysis

Plaintiff, proceeding pro se, attempted to serve Defendants via certified mail addressed to "Johnson & Freedman, LLC Attorney at Law." (Doc. 8, Doc. 10 at 5). Service of Process on a corporation in a federal lawsuit is governed by Federal Rule of Civil Procedure 4(h). Service under that rule must be accomplished in one of two manners: (1) in accordance with the law of the forum state; or (2) by delivering a copy of the summons and complaint to an "officer, managing agent, general agent, or any other agent authorized by appointment or law to receive service of process." Fed. R.Civ. P.4(h)(1)(A),(B); Sheet Metal Workers' Union Local # 441 Health and Welfare Fund v. Air Comfort Company, Inc., 2010 U.S. Dist. LEXIS 39491 (S.D. Ala. April 20, 2010). Likewise, in Alabama, service on a corporation requires service on "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Rule 4(c)(6), Ala.R.Civ.P.; see also Alfa Corp. v. Alfagres, S.A., 385 F. Supp.2d 1230, 1238 (M.D. Ala. 2005) ("when attempting to serve a corporation by certified mail, the summons and complaint must be addressed to either a managing or general agent, or any agent authorized by appointment or by law to receive service of process, pursuant to Rule 4(c)(6)") (internal quotation marks omitted).

The record in this case indicates that Plaintiff sent the summons and complaint to Johnson & Freedman by certified mail (Docs. 6, 10 at 5), as opposed to being sent to a named officer,

4

partner, managing or general agent, or any authorized agent of the named Defendants. While Johnson & Freedman may serve as counsel for Defendants in connection with the subject foreclosure or other matters, such documentation does not establish that the firm or anyone connected with the firm is the authorized agent to receive service on behalf of any of the Defendants. (Doc. 1 at 88-97, 99-100). Simply mailing a certified envelope containing the summons and complaint to Johnson & Freeman, LLC Attorneys at Law, is clearly not sufficient to satisfy the service of process requirements set forth in Rule 4.

Defendants also argue that Plaintiff's failure to properly serve the summons and complaint results in a lack of personal jurisdiction over Defendants, and that this action is therefore due to be dismissed. A court cannot obtain personal jurisdiction over a party without proper service of process. Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments, 553 F.3d 1351, 1360 (11th Cir. 2008) (holding that "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."); see also D'Onofrio v. Il Mattino, 430 F. Supp.2d 431, 437-38 (E.D. Pa. 2006)). Because Plaintiff failed to properly serve the summons and complaint on Defendants, this Court lacks personal jurisdiction over them.

While Defendants contend that this action should be dismissed due to defective service, and lack of personal jurisdiction, courts have held that where there is a reasonable prospect that a plaintiff can perfect proper service, the action is generally

5

preserved.  5B Wright & Miller, <u>Federal Practice & Procedure Civ.3d</u> § 1354.  <u>See</u> <u>also</u> <u>Jackson v. Vaughan Regional Medical Center</u>, 2009 U.S. Dist. LEXIS 93762 (S. D. Ala., October 6, 2009)(where there is a reasonable prospect that the plaintiff will ultimately be able to serve the defendant properly, service should be quashed and the plaintiff should be given an opportunity to properly perfect service) <u>Korman v. I.R.S.</u>, 2007 WL 404041, *1 (S.D. Fla. Feb. 2, 2007) (upon technical failure in service of process on defendant, quashing of service of process was appropriate remedy, not dismissal of complaint).

In this case, the record reflects that this action was filed on January 29, 2010, and that more than 120 days have elapsed since the action was commenced.  The law is clear that "[a] plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)." <u>PNCEF, LLC v. Hendricks Building Supply, LLC</u>, 2010 U.S. Dist. LEXIS 42725 (S.D. Ala. April 29, 2010)(citing <u>Lepone-Dempsey v. Carroll County Comm'rs</u>, 476 F. 3d 1277, 1280-81 (11th Cir. 2007))  Under Rule 4(m), dismissal is appropriate if service is not achieved within 120 days, absent either a) good cause or b) a decision by the Court to exercise its discretion in favor of extending the time for service without a showing of good cause. <u>Rance v. Rocksold Granit USA, Inc</u>., 583 F. 3d 1284, 1286 (11th cir. 2009)(recognizing that dismissal under Rule 4(m) may be avoided if a plaintiff shows good cause or other circumstances warrant extension based on the facts of the case).  "Where good cause is shown, a court must extend time

for service; however, in the absence of good cause, a court may, in its discretion, either allow an extension or dismiss the case without prejudice. PNCEF, LLC v. Hendricks Building Supply, LLC (citations omitted.) In the instant case, not only has Plaintiff failed to oppose Defendants' motion, but the record also fails to affirmatively show effective service of process under Federal or Alabama law. Furthermore, in an Order dated March 30, 2010, Plaintiff was advised that her request for a default and default judgment was not proper because the Defendants had not been properly served. (Doc. 11) In addition, the instant motion placed Plaintiff on notice of Defendants' contentions that service was improper. Notwithstanding, Plaintiff has not taken any action to remedy the defects in service within the 120 day period for service under Rule 4(m), and no good cause has been shown for this failure. Moreover, Plaintiff's inaction, in the face of notice of defective service, provides no basis for believing that she will ultimately take the necessary steps to serve the Defendants properly. Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice.

**III. Conclusion**

For the reasons discussed herein, the undersigned RECOMMENDS that Defendants' motion be GRANTED in part, and that Plaintiff's Complaint be dismissed without prejudice.

7

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **9**<sup>th</sup> day of **June, 2010.**

                                          **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten[4] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[4]The Court's Local Rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                              **  /s/ SONJA F. BIVINS      **
                              **UNITED STATES MAGISTRATE JUDGE**