IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BERNICE MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-0054-CG-B |
| | ) | |
| HSBC BANK, USA, NA et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This matter is before the court on defendants' motion to dismiss (Doc. 13), the Report and Recommendation of the Magistrate Judge (Doc. 25), and plaintiff's objection thereto (Doc. 27). Upon a de novo review of those portions of the report and recommendation to which objection is made, the court agrees with the Report and Recommendation and finds that case should be dismissed without prejudice.

The Magistrate Judge found that plaintiff failed to effect service of process under Federal or Alabama law within the time allowed by Federal Rule of Civil Procedure 4(m).

> Service of Process on a corporation in a federal lawsuit is governed by Federal Rule of Civil Procedure 4(h). Service under that rule must be accomplished in one of two manners: (1) in accordance with the law of the forum state; or (2) by delivering a copy of the summons and complaint to an "officer, managing agent, general agent, or any other agent authorized by appointment or law to receive service of process." Fed. R.Civ. P.4(h)(1)(A),(B); Sheet Metal Workers' Union Local # 441 Health and Welfare Fund v. Air Comfort Company, Inc., 2010 U.S. Dist. LEXIS 39491 (S.D. Ala. April 20, 2010). Likewise, in Alabama, service on a corporation requires service on "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Rule 4(c)(6), Ala.R.Civ.P.; see also Alfa Corp. v. Alfagres, S.A., 385 F. Supp.2d 1230, 1238 (M.D. Ala. 2005) ([ ]).

(Doc. 25, p. 4).

The Magistrate Judge noted that plaintiff had been notified that defendants had not been properly served, yet failed to respond to defendants' motion to dismiss and took no action to remedy the defects or show good cause for the failure. (Doc. 25, pp. 6-7). The Magistrate Judge stated that "Plaintiff's inaction, in the face of notice of defective service, provides no basis for believing that she will ultimately take the necessary steps to serve the Defendants properly." (Doc. 25, p. 7).

Plaintiff objects to the Report and Recommendation citing phone calls she made to the court and to defense counsel concerning the status of the case. She argues that the case was stayed by order of the court and that defendants' actions are improper. Nowhere in plaintiff's objection does she contend that she has served the corporate defendants in compliance with FED. R. CIV. P. 4(h) or that she will serve defendants in compliance with Rule 4(h). While plaintiff is correct that a stay was entered in this case, the only things stayed were the deadlines contained in the preliminary scheduling order. (Doc. 20 – endorsed order staying the "deadlines contained in the Preliminary Scheduling Order"). Defendants requested a stay of the deadlines pending the court's determination of the dispositive issues raised in defendants' motion to dismiss. (Doc. 17). The Report and Recommendation addresses the motion to dismiss which was properly before the court. The court agrees with the Magistrate Judge's findings and conclusions and finds no merit to plaintiff's objection.

## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the

issues raised, and a de novo determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED as the opinion of this court.  It is hereby **ORDERED** that this case is **DISMISSED without prejudice**.

    **DONE** and **ORDERED** this 22nd day of June, 2010.

                                              /s/ Callie V. S. Granade
                                            UNITED STATES DISTRICT JUDGE